## JONATHAN PETER CORACCI *v.* COMMISSIONER OF MOTOR VEHICLES

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 342118
NEW HAVEN

Memorandum filed September 23, 1993

*Jacobs, Jacobs & Shannon,* for the plaintiff.

*P. J. Green,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the defendant.

MALONEY, J. The plaintiff appeals the decision of the defendant suspending his motor vehicle operator's license. The defendant's action, pursuant to General Statutes § 14-227b, was based on the plaintiff's alleged failure of a chemical blood alcohol test administered by officers of the Madison police department. The plaintiff appeals pursuant to General Statutes § 4-183. The court rules in favor of the plaintiff.

The sole basis of the plaintiff's appeal is that the hearing officer refused to permit his attorney to question a police officer concerning the repair and certification records of the Intoximeter 3000 used to test the plaintiff's blood alcohol level.

The court has read the transcript of the administrative hearing and reviewed the relevant documents in evidence in the record. The plaintiff's attorney sought to question the police officer about indications in the repair log that the intoximeter machine may not have been in proper working order when it was used to test the plaintiff. The hearing officer adamantly refused to permit any such questions, ruling that they were outside the scope of the issues to be decided.

One of the four issues that the hearing officer must decide in a license suspension proceeding pursuant to § 14-227b (f) is "did such person submit to such test or analysis and the results of such test or analysis indicated that at the time of the alleged offense the ratio of alcohol in the blood of such person was ten-hundredths of one per cent or more of alcohol, by weight . . . ."

In her decision, the hearing officer stated "Subordinate Findings of Fact," including the findings that "the first test . . . indicated a [blood alcohol] level of .203. The second test . . . indicated a [blood alcohol] level of .184." Those were the results of the intoximeter test, shown by the police on the A–44 arrest report introduced in evidence at the hearing. The hearing officer then used those test results as the basis of her finding that the plaintiff's blood alcohol level exceeded the legal limit at the time of the alleged offense.

The foregoing summary of the hearing officer's decision on the issue of the plaintiff's blood alcohol level at the time of the alleged offense makes it obvious that questions concerning the condition of the testing device were highly relevant. If the plaintiff could show that the condition of the machine had changed since it was last certified or that it had not been repaired when needed, that might call into question the reliability of the tests performed on him. The plaintiff's attorney emphasized that point clearly at the hearing, but, incomprehensibly, the hearing officer refused to make the connection.

The hearing officer's refusal to permit the plaintiff's attorney to pursue and introduce relevant evidence essentially denied the plaintiff due process of law. *Balch Pontiac-Buick, Inc.* v. *Commissioner of Motor Vehicles,* 165 Conn. 559, 569, 345 A.2d 520 (1973); see General Statutes § 4-177 (c).

In accordance with § 4-183 (j), the plaintiff's appeal is sustained and the case is remanded to the department of motor vehicles for a new hearing consistent with this decision.