ADVANCED BUSINESS SYSTEMS, INC. *v.* ALLAN A.
CRYSTAL, COMMISSIONER OF REVENUE SERVICES

SUPERIOR COURT          TAX SESSION          FILE NO. 398410S

Memorandum filed December 30, 1993

*Edward Kanowitz,* for the plaintiff.

*Ann O'Leary,* assistant attorney general, and
*Richard Blumenthal,* attorney general, for the
defendant.

ARONSON, J. The issue in this tax appeal is whether
the sale of photocopies to the public from vending
machines installed in public libraries is exempt from
the sales tax. The conclusion of this court is that such
sales are not exempt.

In the years 1988, 1989 and 1990, the plaintiff's busi-
ness consisted of installing, maintaining and servicing
coin operated photocopying machines in public libraries
for use by the general public, including patrons of the
libraries. Under agreements specifying that the plain-
tiff retained ownership of the copiers, the plaintiff
installed, maintained and serviced those machines in
Connecticut public libraries. The plaintiff also provided
paper, supplies, parts and labor as needed by the
machines. The plaintiff, which collected the funds from
each machine and received all the revenue produced
by the machines, paid a commission to the libraries for

allowing it to install the machines on their premises. The contracts with the libraries also provided for the libraries to receive free copies each month and a discount on additional copies over the free limit. The plaintiff, as part of the arrangement, agreed to hold the libraries harmless from any claims arising out of the use of the machines on the library premises.

The plaintiff filed sales and use tax returns for each quarter in 1988, 1989 and 1990. The defendant commissioner of revenue services, after conducting a tax audit of those years, levied an additional assessment of sales and use tax in the amount of $67,277.24 plus a penalty of $10,823.60 and interest of $30,512.90 through June 30, 1991. The commissioner concluded that the sale of photocopies to persons using the plaintiff's photocopying machines located in public libraries was not exempt from the sales and use tax. The commissioner's argument is that the sale of photocopies was made by the plaintiff to the general public, not by the public libraries to the public, and therefore is not exempt as claimed by the plaintiff under General Statutes § 12-412 (8) or (24).[1]

The plaintiff's complaint presents two claims: (1) that the sales of photocopies by the plaintiff to the public were exempt under § 12-412 (8) as a sale to a charita-

---

[1] General Statutes (Rev. to 1991) § 12-412 provides in relevant part: "EXEMPTIONS. Taxes imposed by this chapter shall not apply to the gross receipts from the sale of and the storage, use or other consumption in this state with respect to the following items . . .

"(8) CHARITABLE AND RELIGIOUS ORGANIZATIONS. Sales of tangible personal property or services to charitable and religious organizations. . . .

"(24) MUNICIPAL PUBLICATIONS, SALES BY PUBLIC LIBRARIES OR BY MUNICIPAL AUCTION. Sales of municipal publications such as information booklets and zoning regulations, tangible personal property sold by public libraries and the sale of any property at auction by a municipality, whenever the sale of any such foregoing item is in an amount of less than five dollars."

ble organization,[2] or in the alternative, (2) that the sales of photocopies were sales by the public libraries under § 12-412 (24), which refers to tangible personal property sold by public libraries.

The question at the heart of both claims and this appeal is who was the seller and who were the buyers of the photocopies? It is clear from the facts in this case, as set forth above, that the photocopies were sold to the public by the plaintiff, not by the libraries. The public libraries were only the recipients of the income from the machines and the beneficiaries of free and discounted photocopies. The public libraries, in the stipulated facts, were never sellers as claimed by the plaintiff.

The legislative history of this exemption clearly shows that the legislature had in mind exempting only sales to public libraries, not sales to the general public: "Senator [Lewis B.] Rome: Madam President, I urge acceptance of the Joint Committee's favorable report and passage of the bill. . . . The title of the bill [actually] is self-explanatory. The exemption appl[ies] to certain items, certain *sales to* the municipalities in Connecticut and also public libraries. I think it makes a good deal of sense and it's a good bill and it ought to pass." (Emphasis added.) 16 S. Proc., Pt. 6, 1973 Sess., p. 2983.

Although the plaintiff, at trial, argued that the public's perception was that the library was the seller of the photocopies, the public's perception is not a relevant factor in this case. The cases from other jurisdictions support this conclusion.

The facts in this action are similar to the facts in *Harold W. Fuchs Agency, Inc.* v. *Dept. of Revenue,* 91

---

[2] Both parties agree that the libraries referred to in this action were exempt from the sales and use tax whether one considers the library to be an agency of government under General Statutes § 12-412 (1) or a charitable organization under § 12-412 (8).

Wis. 2d 283, 282 N.W.2d 625 (1979). In that case, the city of Milwaukee advertised for bids for the installation of photocopying machines in city hall, as well as in city libraries. The invitation to bid recited that the bids should be submitted without taxes, since the city was exempt from federal and state taxes. The Fuchs Agency, as successful bidder, installed the vending machines, maintained the machines, collected the money from the machines and paid the city $.0555 for each $.10 copy made. The Wisconsin department of revenue assessed a sales tax on the receipts from the photocopy vending machines. The Fuchs Agency relied on Wisconsin statutes § 77.54 (9a), which exempted "gross receipts from sales to, and the storage, use or other consumption of tangible personal property, including accessories, parts and supplies, and services by this state or any agency thereof, or any county, municipality as defined in s. 41.02 (4), school district or other political subdivision . . . ." Id., 286–87. The Fuchs Agency argued that this statutory exemption was applicable because the premises on which the vending machines were placed were under the control of the city, and the city permitted the machines to be used by its employees and the public.

The court concluded, however, that the city had limited control over the machines and that the use of the vending machines by the city employees did not bring the gross receipts within the exemption. The court held that control of the vending machines was relevant to whether the owner of the machine or the owner of the premises was the seller. It concluded that the plaintiff, the Fuchs Agency, was the retail seller because it had sold nothing to the city and the city did not exercise control over the machines. The responsibility for installation, servicing and removal of the machines remained with the plaintiff.

In *Harold W. Fuchs Agency, Inc.,* the librarian, although not collecting the money from the machines, did reload the machines and check for lost coins or other operational failures. In the present action, the library personnel did nothing, since the plaintiff assumed the full obligation to maintain and service the photocopy machines.

On the issue of control, the *Harold W. Fuchs Agency, Inc.* decision cited *Rowe Cigarette Service Co.* v. *Graves,* 247 App. Div. 852, 286 N.Y.S. 683 (1936), which held that the owner of a cigarette vending machine, not the owner of the premises where the machine was located, was the retailer, where the machine owner kept the key to the machine, refilled it, removed the money and paid the owner of the premises part of the proceeds. *Harold W. Fuchs Agency, Inc.* v. *Dept. of Revenue,* supra, 91 Wis. 2d 287.

One of the contracts between the plaintiff and a library, which contract was attached to a joint supplemental stipulation of facts, recited that "[t]he Proprietor acknowledges that the aforementioned machines are the sole property of the Operator and that nothing in this agreement or in the relationship between the parties shall give the Proprietor any proprietary interest in said machines." The proprietor was the library. This contractual provision, to which the plaintiff was a party, clearly recognizes the plaintiff as the owner and operator of the vending machines, and the libraries as simply the possessors of the premises.

The plaintiff cites the case of *Servomation Corp.* v. *Dept. of Revenue,* 106 Wis. 2d 616, 317 N.W.2d 464 (1982), in which the plaintiff sold merchandise through coin operated vending machines placed in schools and hospitals. The court in that case concluded that the plaintiff, who retained ownership and control of the machines, was the seller of products for sales tax pur-

poses. The plaintiff here seeks to distinguish the circumstances underlying the current proceeding from those in *Servomation Corp.* based on the public's perception in the present case that the library was the seller of the photocopies. The plaintiff contends that such a perception could not have been reached by the public in *Servomation Corp.* because no one could perceive that selling merchandise from a vending machine would have any connection with a school or hospital.

The plaintiff argues that the merchandise sold in the schools and hospitals in *Servomation Corp.* had no relationship to the business of schools and hospitals, whereas photocopying in a library, as done in the present case, was an extension of the library's function. The plaintiff claims further that it is not necessary to determine who the seller is for the purpose of taxation, since the purpose of § 12-412 (24) is to relieve the burden on public libraries to provide photocopy service. No such conclusion can be drawn from the legislative intent to enact § 12-412 (24).

An argument similar to that made by the plaintiff, as to who is the seller, was raised in *Denis Copy Co.* v. *Limbach,* 76 Ohio App. 3d 768, 603 N.E.2d 359 (1992). The facts in *Denis Copy Co.* were similar to the facts in the present case. Denis Copy Company owned hundreds of photocopy machines throughout Ohio that were placed in various locations, including post offices, public libraries, colleges and privately owned businesses. Denis generally had a written contract with the owner of the premises on which the photocopy machines were located. Denis was responsible for service, supplies and maintenance of the machines, as is the plaintiff in the present case. Additionally, Denis held itself liable for any claims arising out of the operation of the machines, as did the plaintiff in the present action. As in the present case, Denis provided free and discounted photocopies to the location owner.

Denis argued, as the plaintiff does here, that it was not the vendor of copies sold through the coin operated photocopy machines. It argued that the owners of the locations of the photocopy machines were the vendors insofar as interacting with their customers, the public.

The court in *Denis Copy Co.* concluded, as does the court here, that Denis owned the machines. It did not lease or sell the machines to the location owner. Denis was required to service, supply and maintain the machines and to assume all liability arising from the operation of the machines. The court found nothing in the facts to support any claim that the location owner played any direct role in servicing the machinery operated by the customer. Id., 362. Similarly, this court finds nothing in the facts here to support the plaintiff's claim that it was not the vendor.

Clearly, under the stipulated facts in the present case, the plaintiff, Advanced Business Systems, Inc., owned, installed, serviced, removed and collected receipts from the machines. The stipulated facts lack any suggestion that the libraries did anything to exert any form of ownership of the machines. The libraries were true landlords: they collected the rents for the location of the machines on their premises. Cf. *Gay* v. *Supreme Distributors,* 54 So. 2d 805 (Fla. 1951) (holding that placing juke boxes and other coin operated machines in store, tavern or other place of business, where owner of premises received percentage of gross receipts, did not create joint venture but merely rental of juke boxes and coin operated machines for state sales tax purposes).

General Statutes § 12-410 (1) provides in relevant part that for the purpose of the proper administration of chapter 219, concerning sales and use taxes, "it shall be presumed that all gross receipts are subject

to the [sales] tax until the contrary is established." The plaintiff not only must overcome the presumption in § 12-410 (1), but also has the burden of proof to show that it is entitled to the exemption in § 12-412 (8) and (24). *Magic II, Inc.* v. *Dubno,* 206 Conn. 253, 256, 537 A.2d 998, cert. denied, 488 U.S. 819, 109 S. Ct. 59, 102 L. Ed. 2d 37 (1988). Given the plaintiff machine owner's control over the photocopy machines, as demonstrated by the stipulated facts, the court finds that the plaintiff is the seller and the general public is the buyer of the photocopies. The plaintiff has failed to meet its burden and is, therefore, not entitled to an exemption under § 12-412 (8) or (24).

Accordingly, the appeal is dismissed.