Van Dyck Printing Company v.
Anthony F. DiNicola
(15005)

Peters, C. J., and Callahan, Borden, Katz and Palmer, Js.

Argued September 21—decision released October 18, 1994

*Gordon A. Evans,* for the appellant-appellee (defendant).

*F. Herbert Gruendel,* for the appellee-appellant (plaintiff).

Per Curiam. These appeals challenge the validity of a trial court judgment awarding damages for a former employee's breach of a one year covenant not to com-

pete that was part of a written employment contract. The plaintiff, Van Dyck Printing Company, sued the defendant, Anthony DiNicola, to recover for profits lost because the defendant, after leaving his employment with the plaintiff, joined another company to solicit business in competition with the plaintiff in violation of an express covenant not to compete.[1] The defendant disputed the enforceability of the covenant not to compete and filed a counterclaim to recover unpaid commissions due to him from his former employment by the plaintiff. The trial court rendered a judgment in favor of the plaintiff on its complaint in the amount of $59,151.29 and in favor of the defendant on his counterclaim in the amount of $4071.77.

The issues raised by the parties on appeal relate only to the trial court's judgment on the plaintiff's complaint. The defendant continues to contest the enforceability of the covenant not to compete. Both parties disagree in part with the trial court's assessment of damages. Although their appeals were properly filed in the Appellate Court, we transferred them to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Our examination of the record on this appeal and the briefs and arguments of the parties persuades us that the judgment of the trial court should be affirmed. The parties do not dispute that the trial court applied the proper legal criteria in determining the enforceability of a covenant not to compete and in assessing the damages that flow from its breach. The application of these criteria to the factual circumstances of this case raises issues that are largely factual and that were properly resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. See *Van*

[1] The plaintiff's claim for injunctive relief had become moot by the time of trial.

*Dyck Printing Co.* v. *DiNicola,* 43 Conn. Sup. 191, 648 A.2d 898 (1993). Because that memorandum of decision fully states and meets the arguments raised in the present appeals, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion therein contained. *Connecticut Resources Recovery Authority* v. *Refuse Gardens, Inc.,* 229 Conn. 455, 458–59, 642 A.2d 697 (1994); *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor,* 225 Conn. 99, 101–102, 622 A.2d 518 (1993); *Loeb* v. *Al-Mor Corp.,* 224 Conn. 6, 7, 615 A.2d 149 (1992).

The judgment is affirmed.