ADVANCED BUSINESS SYSTEMS, INC. *v.* ALLAN A. CRYSTAL, COMMISSIONER OF REVENUE SERVICES (14950)

PETERS, C. J., and CALLAHAN, NORCOTT, KATZ and PALMER, Js.

Argued October 26—decision released November 29, 1994

---

*Kenneth R. Wolfe,* with whom were *Edward Kanowitz* and, on the brief, *Marc J. Grenier,* for the appellant (plaintiff).

*Christopher L. Levesque,* assistant attorney general, with whom were *Ann O'Leary,* assistant attorney general, and, on the brief, *Richard Blumenthal,* attorney general, for the appellee (defendant).

PER CURIAM. The dispositive issue in this tax appeal is whether the plaintiff taxpayer has established its entitlement to a sales and use tax exemption pursuant to General Statutes § 12-412 (8) or (24).[1] The plaintiff, Advanced Business Systems, Inc., installs and maintains coin-operated photocopying machines in public libraries for the use of patrons of the library and the general public. The defendant, Allan A. Crystal, the commissioner of revenue services, after auditing the plaintiff's tax returns for the years 1988, 1989 and 1990, found the plaintiff liable for an additional sales and use tax assessment, as well as a penalty and interest. The plaintiff filed an appeal to the trial court pursuant to General Statutes § 12-422. In light of the stipulated facts and the governing law, the trial court

---

[1] General Statutes § 12-412 provides in relevant part: "EXEMPTIONS. Taxes imposed by this chapter shall not apply to the gross receipts from the sale of and the storage, use or other consumption in this state with respect to the following items . . . .

"(8) CHARITABLE AND RELIGIOUS ORGANIZATIONS. Sales of tangible property or services to charitable and religious organizations. . . .

"(24) MUNICIPAL PUBLICATIONS, SALES BY PUBLIC LIBRARIES OR BY MUNICIPAL AUCTION. Sales of municipal publications such as information booklets and zoning regulations, tangible personal property sold by public libraries and the sale of any property at auction by a municipality, whenever the sale of any such foregoing item is in an amount of less than five dollars. . . ."

rendered a judgment dismissing the plaintiff's appeal. The plaintiff thereafter filed a further appeal in the Appellate Court, which we transferred to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The facts are not disputed. The plaintiff retained exclusive control of, as well as responsibility for, the operation of its photocopying machines. It received and retained all the revenues generated by the machines with the exception of a commission paid to the public libraries in which the machines were installed. Although the public libraries concededly qualify as tax exempt organizations pursuant to § 12-412, the plaintiff has not claimed that it has a tax exempt status except insofar as its transactions with the public libraries qualify for an exemption pursuant to subsections (8) or (24) of § 12-412.

A taxpayer bears the burden of proving the impropriety of an adverse assessment concerning a tax exemption. *United Illuminating Co.* v. *Groppo,* 220 Conn. 749, 752–53, 601 A.2d 1005 (1992); *Plastic Tooling Aids Laboratory, Inc.* v. *Commissioner of Revenue Services,* 213 Conn. 365, 369, 567 A.2d 1218 (1990). The trial court carefully examined the record before it and concluded that the plaintiff had failed to establish that its sales of photocopies to the general public qualified for an exemption either as sales "to charitable and religious organizations," pursuant to § 12-412 (8), or as sales "by public libraries," pursuant to § 12-412 (24). The thoughtful and comprehensive memorandum of decision filed by the trial court thoroughly canvassed the applicable statutory language, its legislative history and relevant case holdings. See *Advanced Business Systems, Inc.* v. *Crystal,* 43 Conn. Sup. 253, 650 A.2d 641 (1994). Because that memorandum of decision fully states and meets the arguments raised in the present appeal, we adopt the trial court's well reasoned deci-

sion as a statement of the facts and the applicable law on these issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Van Dyck Printing Co.* v. *DiNicola*, 231 Conn. 272, 273–74, 648 A.2d 877 (1994); *Connecticut Resources Recovery Authority* v. *Refuse Gardens*, 229 Conn. 455, 458–59, 642 A.2d 697 (1994); *Daw's Critical Care Registry, Inc.* v. *Dept. of Labor*, 225 Conn. 99, 101–102, 622 A.2d 518 (1993).

The judgment is affirmed.