## VAL-PAK OF CENTRAL CONNECTICUT NORTH, INC. *v.* COMMISSIONER OF REVENUE SERVICES (15202)

Peters, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued November 30, 1995—decision released January 23, 1996

*Jonathon L. Ensign*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellant (defendant).

*John M. Horak*, with whom, on the brief, was *Lawrence H. Lissitzyn*, for the appellee (plaintiff).

PER CURIAM. The principal issue in this tax appeal is whether a corporation that designs and orders advertising materials for cooperative direct mailing to private households has engaged in transactions that are subject

to the use tax, General Statutes § 12-411 (1).[1] The defendant, the commissioner of revenue services, as a result of an audit for the years 1984 through 1989, initially concluded that the plaintiff, Val-Pak of Central Connecticut North, Inc., was liable for payment of the sales tax as a seller of tangible personal property.[2] After a reassessment at the plaintiff's behest, the defendant recharacterized the plaintiff's activities as those of an advertising service provider that had made a taxable use of advertising materials and therefore was liable for payment of the use tax. Pursuant to General Statutes § 12-422,[3] the plaintiff appealed the reassessment to the

---

[1] General Statutes § 12-411 provides in relevant part: "The use tax. (1) Imposition and rate. An excise tax is hereby imposed on the storage, acceptance, consumption or any other use in this state of tangible personal property purchased from any retailer for storage, acceptance, consumption or any other use in this state, the acceptance or receipt of any services constituting a sale in accordance with subdivisions (i) to (*l*), inclusive, of subsection (2) of section 12-407, or, the storage, acceptance, consumption or any other use in this state of tangible personal property which has been manufactured, fabricated, assembled or processed from materials by a person, either within or without this state, for storage, acceptance, consumption or any other use by such person in this state . . . .

"(2) Liability for tax. Every person storing, accepting, consuming or otherwise using in this state services or tangible personal property purchased from a retailer for storage, acceptance, consumption or any other use in this state and every person storing, accepting, consuming or otherwise using in this state tangible personal property which has been manufactured, fabricated, assembled or processed from materials purchased from a retailer by such person, either within or without this state, for storage, acceptance, consumption or any other use by such person in this state is liable for the tax. . . ."

[2] The sales tax statute, General Statutes § 12-407 (2) (i), was amended in 1989 to include "advertising . . . services . . . not related to the development of media advertising . . . ." Public Acts 1989, No. 89-251, § 1. The statute was further amended, two years later, to exclude "cooperative direct mail advertising . . . ." Public Acts, Spec. Sess., June, 1991, No. 91-3, § 103. The plaintiff began collecting sales tax as soon as the 1989 amendment became effective.

[3] General Statutes § 12-422 provides in relevant part: "Appeal. Any taxpayer aggrieved because of any order, decision, determination or disallowance of the commissioner of revenue services under section 12-418, 12-421 or 12-425 may, within one month after service upon the taxpayer of notice

trial court, which rendered judgment in favor of the plaintiff. The defendant appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court.

The parties stipulated to the relevant facts. The plaintiff is a Connecticut corporation that was engaged in the business of selling cooperative direct mail advertising services. It was a licensee or sublicensee of Val-Pak Direct Marketing Systems, Inc. (Direct Marketing), a Florida corporation.

In providing cooperative direct mail advertising services for a group of otherwise unrelated business customers, the plaintiff arranged to have printed advertisements, coupons and the like sent in a single envelope to households in a specified geographic area. After a business customer had agreed to use the plaintiff's services, the plaintiff placed orders with Direct Marketing. In accordance with the plaintiff's directions, advertising materials were then printed in Florida and mailed from Florida to the designated households. Direct Marketing billed the plaintiff for the printing and mailing services it performed. The plaintiff billed its customers for its services.

On the basis of these stipulated facts, the trial court found that the plaintiff was engaged in providing services to its customers and in purchasing services from Direct Marketing. Because the plaintiff at no time exercised any ownership rights over the advertising materials prepared and mailed by Direct Marketing, the trial court concluded that the plaintiff's transactions did not

of such order, decision, determination or disallowance, take an appeal therefrom to the superior court for the judicial district of Hartford-New Britain, which shall be accompanied by a citation to the commissioner of revenue services to appear before said court. . . ."

constitute a taxable "use" of tangible property in this state.[4] Accordingly, the trial court held that the transactions in which the plaintiff had engaged were not taxable during the audit years and rendered judgment for the plaintiff.[5] This appeal followed.

Our examination of the record on this appeal, and the briefs and arguments of the parties, persuades us that the judgment of the trial court should be affirmed. The central issue of the applicability of the use tax to the plaintiff's activities during the audit years at issue was properly resolved in the thoughtful and comprehensive memorandum of decision filed by the trial court. *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services*, 44 Conn. Sup. 133, 670 A.2d 343 (1995). Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt the trial court's well reasoned decision as a statement of the facts and the applicable law on that issue. It would serve no useful purpose for us to repeat the discussion therein contained. See *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995); *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 380–81, 650 A.2d 540 (1994); *Van Dyck Printing Co.* v. *DiNicola*, 231 Conn. 272, 273–74, 648 A.2d 877 (1994).

The judgment is affirmed.

---

[4] General Statutes § 12-407 (5) defines "use" as "the exercise of any right or power over tangible personal property incident to the ownership of that property . . . ."

[5] Having found that the plaintiff was not liable for the use tax for which it had been assessed, the trial court impliedly set aside the penalty imposed upon the plaintiff pursuant to General Statutes § 12-416. We do not understand the defendant to be claiming that the plaintiff may be assessed a penalty for its failure to file use tax returns even if the plaintiff had no unpaid use tax liability for the years in question.