[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF LAW RE PREJUDGMENT REMEDY.
Approximately five months after the writ, summons and complaint were returned to court, the plaintiff applied for a prejudgment remedy in the amount of $70,000.00 or an amount greater than $70,000.00. The court must decide whether probable cause exists for the plaintiff's claim taking into account any defenses, counterclaims and set-offs that may have been asserted. General Statutes § 52-278d (a). Probable cause, in the context of a prejudgment remedy, requires a bona fide belief in the existence of facts essential under the law for the claim such as would warrant its entertainment by a person of ordinary caution, prudence and judgment. New England Land Co. Ltd. v.DeMarkey, 213 Conn. 612, 620 (1990). The issue is, as always, whether in light of the legal issues and the credibility of the witnesses, the plaintiff has shown probable cause for her claim.TIE Communications, Inc. v. Kopp, 218 Conn. 281, 287 (1991);Greenberg, Rhein Margolis, Inc. v. Norris-Faye HortonEnterprises, Inc., 218 Conn. 162, 166 (1991).
 I
With reference to the plaintiff's claims, the court finds CT Page 7809 that in terms of probable cause the following facts were established by evidence produced at the hearing. The defendant purchased the assets of the plaintiff's travel agency in 1990 and agreed to employ her as vice-president of sales and marketing for a period from April 23, 1990 through and including April 30, 1995 (5 years land 7 days). The plaintiff was to receive a base salary and an annual incentive bonus. It is the latter compensation that the plaintiff contends was not paid in full.
A rather complex formula set forth on pages 2 and 3 of the Employment Agreement determined the existence and extent of the incentive bonus. The actual amount for each annual period shall, according to the agreement, be determined by the employer's certified public accountant. The plaintiff established that the defendant had departed from the formula. Her certified public accountant testified that the defendant did not use the formula in 1993, 1994 and 1995 and as a result the plaintiff was shortchanged $45,475.00. Accordingly, the plaintiff has established probable cause that she will be entitled to recover that amount. Tie Communications, Inc. v. Kopp, supra,218 Conn. at 287.
On the other hand, the defendant has established probable cause to support at least one of its counterclaims, specifically: breach of the covenant not to compete. The covenant appears on pages 7-8 of the employment agreement and page 15 of the assets purchase agreement. The covenant prohibits the plaintiff while employed by the defendant and for five years after the termination of such employment from being connected with a business similar to or competitive with the defendant. And for the same period of time, the covenant prohibits the plaintiff from soliciting or accepting as a customer in such competitive business any person who was a customer of the defendant during a period of one year prior to a termination of her employment with the defendant.
The restrictions of the covenant are only applicable in New Haven County and the towns of Bridgeport, Stratford and Trumbull in, Fairfield County. The defendant is located in Milford. Seemingly, the covenant satisfies the tests for covenants not to compete established by our Supreme Court in Scott v. General Iron Welding Co., 171 Conn. 132, 139 (1976); Robert S. Weiss Associates, Inc. v. Wiederlight, 208 Conn. 525, 530 (1988) andVan Dyck Printing Co. v. DiNicola, 231 Conn. 272 (1994) adopting Judge Hodgson's opinion in 43 Conn. Sup. 191. Probable cause was CT Page 7810 established for the defendant's contentions that the plaintiff left the defendant's employment to work for Worldtek Travel, a competitor in New Haven; that while working for Worldtek, the plaintiff accrued her commissions and received unemployment compensation from the State; and that the plaintiff without authorization attempted to remove from the defendant's computer program the records pertaining to clients she had brought from her previous agency.
If the defendant's claims are accepted by the trier of fact, the plaintiff's damages could well be reduced or altogether eliminated. Consequently, the court will permit a prejudgment remedy for only $20,000.00.
Jerrold H. Barnett, Judge