[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 1, 1997
Plaintiff Arvid Bostrom appeals the decision of the defendant commissioner of motor vehicles suspending the plaintiffs motor vehicle operator's license. The commissioner acted pursuant to General Statutes § 14-227b on the basis that the plaintiff failed a chemical test of the alcohol content of his blood after having been arrested on a charge of operating a motor vehicle while under the influence of alcohol. The plaintiff appeals pursuant to § 4-183. The court finds in favor of the plaintiff and remands the case for further proceedings. CT Page 4954
The plaintiff raises a barrage of arguments in support of his appeal, all but one of which must be rejected.
The plaintiff claims that the police officer did not have the requisite reasonable suspicion to "seize" the plaintiff because the dispatcher's information was based on hearsay. This argument overlooks the fact that when the officer located the plaintiffs vehicle, he immediately had ample reason to investigate the circumstances, independent of anything he may have learned from the dispatcher.
The plaintiff claims he was not operating the vehicle. This claim is belied by the fact that the plaintiff was sitting in the driver's seat with the motor running when the officer found him.
The plaintiff claims that the applicable statute, General Statutes § 14-227b, is void for vagueness and/or unconstitutional for other reasons. He offers no convincing authority for these theories, however, and the court rejects them.
The plaintiff claims that the procedure by which the hearing officer appointed by the commissioner acts as advocate and adjudicator is constitutionally unfair. Our courts have held to the contrary. DeMilo v. Department of Transportation,233 Conn. 296, affirming 43 Conn. Sup. 457, 9 CONN. L. RPTR. 512 (1995).
The plaintiff claims that the hearing officer became hostile and biased against him during the hearing and should have recused himself.
"It has been generally recognized . . . that due process does not require that members of administrative agencies adhere in all respects to the exalted standards of impartiality applicable to the judiciary . . . A presumption of impartiality attends administrative determinations, and the burden of establishing a disqualifying interest on the part of an adjudicator rests upon the one seeking disqualification." Rado v. Board of Education,216 Conn. 541, 556 (1990). There is a presumption that agency administrators who serve as adjudicators are unbiased. Clisham v.Board of Police Commissioners, 223 Conn. 354, 362 (1992). This rule is in line with the more general presumption that public officials are presumed to have done their duty until the contrary appears. Leib v. Board of Examiners for Nursing, 177 Conn. 78, 84
(1979). The burden of proof is, of course, on the person making CT Page 4955 the accusation and it is a heavy burden. The person must demonstrate either actual bias or the existence of circumstances indicating "a probability of such bias too high to be constitutionally tolerable." Rado v. Board of Education,216 Conn. 541, 556 (1990).
The canons of judicial ethics for disqualifying a judge for bias or prejudgment do not apply to administrative hearing officers. "The mere appearance of bias that might disqualify a judge will not disqualify an arbitrator." The test for disqualification has been succinctly stated as being whether "a disinterested observer may conclude that (the administrative hearing officer) has in some measure adjudged the facts as well as the law of a particular case in advance of hearing it." (Emphasis added.) Transportation General, Inc. v. InsuranceDepartment, 36 Conn. App. 587, 592-93 (1995)
The court has reviewed the transcript of the hearing. The hearing was very protracted, consuming several days, with many witnesses undergoing examination and vigorous cross-examination. Unquestionably, the plaintiffs attorney and the hearing officer clashed, sometimes bitterly, over rulings that the hearing officer made during the course of the hearing. Nevertheless, the court does not find that the hearing officer exhibited such animosity toward the plaintiff or his attorney as to indicate that he had prejudged the case or would not fairly render a decision based on the facts and law. Indeed, the hearing officer concluded the hearing by inviting the plaintiff's attorney to submit a post hearing brief, indicating that he would seriously consider the plaintiff's positions on the issues before rendering a decision.
Finally, the plaintiff contends that he was denied the opportunity to fully question an expert witness, Dr. Richard Dennis Pinder of the laboratory of the state department of public health and addiction services. That department inspects and certifies the Intoxilyzer 5000, which was the machine used to perform the chemical test of the plaintiff's blood. Although the plaintiff subpoenaed Dr. Pinder, the plaintiff correctly characterizes the doctor as a witness for the commissioner of motor vehicles and views his questioning of the doctor as cross-examination. The court agrees, noting that it was plainly the position of the doctor and his department that the Intoxilyzer 5000 accurately measured the ratio of alcohol in the plaintiff's blood as over the legal limit and thus supported the suspension CT Page 4956 of his license.
During the course of the cross-examination of Dr. Pinder, the plaintiffs attorney sought to question him concerning the opinion of other experts, with whom Dr. Pinder was familiar and who have published articles attacking the reliability of the Intoxilyzer machine. The hearing officer cut off those questions, however, terming them irrelevant. The court disagrees.
As noted, the basis of the hearing officer's decision to suspend the plaintiff's license was his finding that the plaintiff submitted to a chemical test of the alcohol content of his blood and that "the results indicated a BAC of .10% or more." That is one of the four issues mandated by § 14-227b. The only direct evidence to support the hearing officer's determination on that issue was the results of the test on the Intoxilyzer 5000 machine. Through questions directed to Dr. Pinder, concerning scientific studies with which Dr. Pinder admitted he was familiar, the plaintiff was trying to convince the hearing officer that the machine actually overstated the alcohol content of a subject's blood. This was a legitimate and highly relevant attack on the position taken by the departments of motor vehicles and public health, which was that the machine gave an accurate reading of the plaintiffs BAC. The hearing officer's rulings, which cut off that line of questioning, were in error.
The hearing officer's refusal to permit the plaintiff's attorney to pursue the cross-examination of the witness on matters relevant to the hearing officer's final decision essentially denied the plaintiff due process of law. Dragan v.Connecticut Medical Examining Board, 24 Conn. App. 662, rev'd on other grounds, 223 Conn. 618 (1992); Balch Pontiac-Buick, Inc. v.Commissioner of Motor Vehicles, 165 Conn. 559, 569 (1973);Coracci v. Commissioner of Motor Vehicles, 42 Conn. Sup. 599, 601, 10 CONN. L. RPTR. 120 (1993); General Statutes §§ 4-177c and4-178. For that reason, the case must be remanded to the department of motor vehicles for a new hearing so that the plaintiff may have the opportunity to present evidence and fully cross-examine witnesses on matters relevant to the hearing officer's decision.
The appeal is sustained and the case is remanded to the department pursuant to General Statutes §§ 4-183 (j) and (k) for a new hearing to be conducted in a manner consistent with CT Page 4957 this decision of the court. Following the new hearing, the hearing officer or the commissioner shall render a new decision, which may affirm, modify or reverse the original decision.
MALONEY, J.