THOMAS E. MANGINES, EXECUTOR (ESTATE OF ALFRED J. JOLSON) ET AL. *v.* LILLIAN MCCARTHY ERMISCH, EXECUTRIX (ESTATE OF CATHERINE L. MCCARTHY) ET AL.
(SC 15787)

Callahan, C. J., and Borden, Berdon, Norcott and Palmer, Js.

Argued December 9, 1997—officially released January 20, 1998

*Thomas E. Mangines*, with whom were *Francis D. Burke* and, on the brief, *Brian A. Mangines*, for the appellants (plaintiffs).

*Mark W. Dost*, for the appellees (defendants).

*Opinion*

PER CURIAM. This appeal arises out of a dispute concerning the meaning and intent of the last will and testament of Catherine L. McCarthy of Southbury. At issue is the proper interpretation of article sixth of her will, which bequeaths McCarthy's residual estate "to the <u>Bishop of Reykjavik, (Iceland)</u>, who is presently the

<u>Most Reverend Alfred J. Jolson, S.J.</u>, c/o Jesuit Mission Bureau, St. Joseph University, 5600 City Avenue, Philadelphia, Pennsylvania 19131, or his successor, for Church needs."[1] Jolson's family and McCarthy's family had been friends and Jolson had retained contact with McCarthy throughout his distinguished career as a Jesuit priest. Jolson was appointed bishop of Reykjavik, Iceland, by Pope John Paul II in 1988. He died on March 10, 1994, having survived McCarthy, who died on January 14, 1993, by almost fourteen months. Jolson's will made multiple bequests to church-related organizations in anticipation of the receipt of the residue of McCarthy's estate, which, at present, approximates two million dollars. McCarthy's estate had not been fully probated prior to Jolson's death, and, consequently, the property passing under the residual clause of McCarthy's will never had been distributed to him.

The plaintiffs, the coexecutors of Jolson's estate, contend that the residual bequest vested in Jolson personally at the time of McCarthy's death and, because he survived McCarthy, the property passing under the residual clause of her will should be distributed to his estate. The defendants, the coexecutors of McCarthy's estate, argue that the residual bequest was to the bishop of Reykjavik, as trustee of a charitable trust, and that McCarthy's residual estate vested not in Jolson personally, but in the bishop of Reykjavik, in trust, to be distributed to whomever the bishop of Reykjavik might be at the time McCarthy's estate is distributed.

The plaintiffs, by petition to the Probate Court of Southbury,[2] sought a partial distribution of McCarthy's residual estate to Jolson's estate. That petition was

---

[1] The will contains two provisions entitled article sixth. Only the first article sixth is relevant here.

[2] McCarthy's estate was being probated in Southbury, her town of residence. Jolson's estate was being probated in Fairfield, his town of residence.

denied and the plaintiffs appealed to the Superior Court. General Statutes § 45a-186.[3] That court concluded, as did the Probate Court, that McCarthy, by article sixth, had intended to create a charitable trust in the bishop of Reykjavik in his official capacity as bishop, and had not intended to devise and bequeath the residuary to Jolson personally. The court, therefore, rendered judgment dismissing the plaintiffs' appeal. The plaintiffs appealed from the trial court's judgment to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). The sole issue on appeal is whether the trial court was correct in its conclusion that title to the residuary of McCarthy's estate passed to the current bishop of Reykjavik, as trustee of a charitable trust, and not to Jolson in his individual capacity.

Our examination of the record and our review of the briefs and arguments of the parties on appeal persuades us that the judgment of the trial court should be affirmed. The central issue of the appropriate interpretation of the will was resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. *Mangines* v. *Ermisch*, 45 Conn. Sup. 197, 705 A.2d 1025 (1997). Because that memorandum of decision fully addresses the arguments raised in the present appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *Molnar* v. *Administrator, Unemployment Compensation Act*, 239 Conn. 233, 235, 685 A.2d 1107 (1996); *Val-Pak of Central Connecticut North, Inc.* v.

---

[3] General Statutes § 45a-186 provides in relevant part: "(a) Any person aggrieved by any order, denial or decree of a court of probate in any matter, unless otherwise specially provided by law, may appeal therefrom to the Superior Court in accordance with subsection (b) of this section. . . .

"(b) Any such appeal shall be filed in the superior court for the judicial district in which such court of probate is located . . . ."

*Commissioner of Revenue Services*, 235 Conn. 737, 740, 669 A.2d 1211 (1996).

The judgment is affirmed.