WILLIAM A. HUGIE *v.* ADMINISTRATOR, UNEMPLOY-
MENT COMPENSATION ACT

SUPERIOR COURT        NEW HAVEN COUNTY        FILE No. 115031
                          AT NEW HAVEN

Memorandum filed January 20, 1968

*Steven P. Floman,* of New Haven, for the plaintiff.

*Robert K. Killian,* attorney general, and *Carl D. Eisenman,* assistant attorney general, specially appeared for the defendant.

PASTORE, J. Plaintiff filed a claim for unemployment benefits which was denied by the administrator. He then appealed to the unemployment compensation commissioner, who affirmed the decision of the administrator in a finding of facts and decision dated October 2, 1967. From this decision dated October 2, 1967, plaintiff purported to appeal to the Superior Court. Defendant has filed a motion to erase on the ground that, the appeal having failed to state the grounds of review, as required by General Statutes § 31-249, the decision became final on

the fifteenth day after its rendition, thus conferring no jurisdiction in the Superior Court to entertain the appeal.

Under General Statutes § 31-248, the decision of the commissioner, "in the absence of an appeal therefrom, as herein provided, shall become final on the fifteenth day after the date of its rendition." The petition of appeal was filed in the office of the commissioner on October 16, 1967, being one day previous to the date when the decision would become final in the absence of an appeal therefrom "as herein provided."

Under § 31-249, the petition of appeal "shall state the grounds on which a review is sought." Since the petition is required to be filed before the decision would become "final" on the fifteenth day after its rendition and the statute requires the grounds of review to be stated in it, it follows that the grounds of appeal likewise are required to be filed before the decision becomes final, which in this case would have been before October 17, 1967.

Plaintiff filed his amendment to the petition of appeal on November 20, 1967, in the Superior Court. The requirements of § 31-249 that such grounds of review be stated in the petition necessarily contemplate that they be filed with the compensation commissioner. A purpose would be that the commissioner would then be enabled to prepare for certification to the Superior Court the finding of facts and any transcript together with the decision and file and documents in the case, as well as to accelerate a speedy determination of the claim.

The requirement of § 31-249 that the grounds of review be stated in the petition of appeal is mandatory and a matter of jurisdiction. Appeals to the courts from administrative officers or boards exist

only under statutory authority. *Bardes* v. *Zoning Board,* 141 Conn. 317, 318. In an appeal from a decision of the unemployment commissioner to the Superior Court, the case is not tried de novo. The court may go no further than to determine whether the commissioner acted unreasonably, arbitrarily or illegally. *Lanyon* v. *Administrator,* 139 Conn. 20, 28. Thus the Superior Court in such an appeal exercises a special and limited jurisdiction conferred upon it by statute and not the jurisdictional powers granted to it by the constitution. The situation in this respect is similar to that of the appeal from probate to this court. *Heiser* v. *Morgan Guaranty Trust Co.,* 150 Conn. 563, 565–66. In *Heiser* (p. 565), the court further stated: "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation. . . . [The court has] jurisdiction only when the facts exist on which the legislature has conditioned the exercise of . . . [the court's] power." Moreover, § 31-249 provides that the petition of appeal "shall state" the grounds of review.

The total absence of any grounds of review in the petition filed October 16, 1967, was thus a failure to comply with a mandatory requirement of the statute which did not prevent the decision of the commissioner from becoming final on October 17, 1967, after which this court was without jurisdiction under §§ 31-248 and 31-249 to entertain the appeal.

On November 20, 1967, plaintiff filed an amendment in Superior Court to the petition of appeal, stating grounds of review and claiming the right to do so under Practice Book § 131. This avails plaintiff nothing, as this court on that date was without jurisdiction to entertain the appeal and in view of

its limited and special jurisdiction could not exercise its equitable powers to remedy a legally insufficient appeal. See *Maloney* v. *Taplin,* 154 Conn. 247, 248–49.

In *Derench* v. *Administrator,* 141 Conn. 321, relied upon by plaintiff, the petition, which was timely filed with the commissioner and considered sufficient for an appeal, did contain a sufficient statement of the grounds of review, although not technically complying with Practice Book, Form 456. *Derench* is distinguishable from the case at bar in that there the grounds of review were timely filed with the commissioner, whereas here the amendment setting them forth has not been filed at all with the commissioner, and when filed in the Superior Court, it was after the time the decision of the commissioner had become final and when the court was without jurisdiction. In *Derench* there was a defective statement of good grounds of review before the commissioner, whereas in the instant case there was no statement at all of such grounds before him.

Plaintiff stresses the remedial nature of the Unemployment Compensation Act, its informal pleadings, and procedure as far as possible in accordance with rules of equity, all of which are acknowledged, but these must be construed and applied with due regard to proceedings before the commissioner and in an appeal duly pending before this court as distinguished from considerations of the statutory jurisdiction of this court upon such an appeal.

The provisions of Practice Book § 445, when applicable, making procedure in unemployment cases, "[e]xcept as otherwise specifically provided by statute," follow that in workmen's compensation cases as far as practicable, must be construed with proper regard also for the fact that while a workmen's compensation appeal is filed with the Supe-

rior Court; General Statutes § 31-301; Practice Book, Form 450; the appeal in an unemployment compensation case is filed with the unemployment compensation commissioner. General Statutes § 31-249; Practice Book, Form 456; *Derench* v. *Administrator,* supra, 324.

In *Heiser* v. *Morgan Guaranty Trust Co.,* supra, 565, it was stated that our legislation always favored the speedy settlement of estates and to that end carefully limited the time within which such appeals from probate must be taken. There is as much similar reason for containing the period of appeal in unemployment compensation cases and accelerating their determination on appeal.

The court feels compelled for the foregoing reasons to grant the defendant's motion, and the appeal is ordered erased.