[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Statement of the Case
CT Page 4457
The plaintiff, Robert Koen-Young, appeals a decision of the Employment Security Board of Review (board), reversing the decision of the appeals referee and sustaining the appeal of the plaintiff's former employer. The board denied the plaintiff's claim for unemployment compensation benefits. The defendant is the Administrator, Unemployment Compensation Act. The board acted pursuant to General Statutes § 31-249. The plaintiff's right of appeal is provided by General Statutes § 31-249b.
II. Procedural History
On September 27, 1995, the administrator ruled the plaintiff eligible for unemployment compensation benefits beginning the week ending September 16, 1995. (Return of Record [ROR], Item 9.) On October 17, 1995, the plaintiff's former employer, Marrakech Day Services, Inc. (Marrakech), appealed the administrator's ruling to an appeals referee. (ROR, Items 5 9.)
On November 27, 1995, the appeals referee affirmed the administrator's ruling and dismissed Marrakech's appeal. (ROR, Item 9.) The appeals referee determined that the plaintiff had left unsuitable work with sufficient cause, and, therefore, the plaintiff was eligible for unemployment compensation benefits. (ROR, Item 9.) On December 18, 1995, Marrakech appealed the decision of the appeals referee to the board. (ROR, Items 11, 12 13.)
On February 1, 1996, the board reversed the decision of the appeals referee and sustained Marrakech's appeal. (ROR, Item 13.) The board ruled that the plaintiff was not eligible for unemployment benefits because the plaintiff voluntarily left suitable work without sufficient cause. (ROR, Item 13.)
On March 2, 1996, the plaintiff filed a motion to reopen and set aside the decision of the board. (ROR, Item 14.) On March 27, 1996, the board denied the plaintiff's motion to reopen. (ROR, Item 18.)
On April 26, 1996, the plaintiff appealed the board's decision to the Superior Court. (ROR, Item 19.) This appeal is now before the court.
III. Facts
The plaintiff began working at Marrakech on August 29, 1994. CT Page 4458 (ROR, Item 3.) While employed at Marrakech, the plaintiff worked as an "employment specialist," earning $9.75 per hour. (ROR, Item 9.) As an employment specialist, the plaintiff cared for autistic and schizophrenic adults (patients). (ROR, Item 13.) The plaintiff terminated his employment at Marrakech on September 8, 1995. (ROR, Item 9.)
In the plaintiff's undated letter of resignation, the plaintiff indicates that he terminated his employment at Marrakech because there existed interpersonal conflicts between himself and two of his superiors, Mike Morgan and Marie Ross. (ROR, Item 3.) The plaintiff also indicated, in his letter of resignation, that he was terminating his employment because certain private information regarding the plaintiff, which the plaintiff had shared in confidence with some of his superiors, had been disseminated to other employees at Marrakech. (ROR, Item 3.) The appeals referee found that the plaintiff left Marrakech, in part, because he had a serious personality conflict with the residential supervisor, because a staff member with supervisory authority revealed confidential matters pertaining to the plaintiff to the plaintiff's co-workers and, because the plaintiff had numerous conflicts with co-workers. (ROR, Item 9.)
The record also reveals that the plaintiff sustained numerous serious injuries while caring for the patients at Marrakech. (ROR, Items 2, 8 9.). On September 2, 1994, the plaintiff was bitten by a patient and required hepatitis vaccinations. (ROR, Item 9.) On November 15, 1994, the plaintiff sustained a back injury after a patient struck him in the back with a helmet. (ROR, Items 8 9.) On January 4, 1995, the claimant suffered a concussion and a loose tooth after a patient struck the plaintiff on his face and on his head. (ROR, Items 8 9.) On January 19, 1995, a patient bit the plaintiff's finger and thereby removed a portion of flesh from the plaintiff's finger. (ROR, Items 8 9.) On August 1, 1995, the plaintiff pulled his calf muscles while restraining a patient. (ROR, Items 8 9.) The appeals referee also found that the plaintiff sustained numerous other minor injuries during the course of the plaintiff's employment at Marrakech. (ROR, Item 9.) The appeals referee found that these injuries also caused the plaintiff to terminate his employment at Marrakech. (ROR, Item 9.)
The appeals referee also determined that the plaintiff's inability to cope with the day to day demands of his job at Marrakech, coupled with the possibility of physical attack by the CT Page 4459 patients caused the plaintiff to suffer depression and stress. (ROR, Item 9.) The appeals referee further found that when the plaintiff complained to his employer, the employer took ten months to transfer the plaintiff to another work program. (ROR, Item 9.) The appeals referee found that this transfer had almost no ameliorative effect because the plaintiff remained in contact with violent patients two days per week. (ROR, Item 9.) The appeals referee also found that Marrakech never informed the plaintiff of postings for alternate full-time work at Marrakech, nor did Marrakech offer the plaintiff other full-time work at Marrakech. (ROR, Item 9.)
The board adopted all but one of the appeals referee's findings of fact. (ROR, Item 13.) The board stated, "we adopt the Referee's findings of fact, with the exception of Finding of Fact No. 16, as modified above." (ROR, Item 13.) Finding of Fact No. 16 stated in its entirety, "[d]uring the morning hours, the [plaintiff] worked without assistance in providing care to one female and four male [patients] ages 20-40 years." (ROR, Item 9.) Nonetheless, the board's decision did not specify how it modified Finding of Fact 16. (ROR, Item 13.)
IV. Jurisdiction
"Appeals to the courts from administrative officers or boards exist only under statutory authority." Hugie v. Administrator,27 Conn. Sup. 407, 408-09, 240 A.2d 918 (1968). Failure to comply with the statutory provisions by which a statutory right of appeal is created will subject an appeal to dismissal. Id., 409. "[A]ppeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166 et seq., the Uniform Administrative Procedure Act. All appeals from the board to the court are controlled by § 31-249b." Calnan v.Administrator, Unemployment Compensation Act, 43 Conn. App. 779,783, 686 A.2d 134 (1996).
A. Timeliness
Unemployment compensation appeals must be filed in a timely manner or they are to be dismissed. Gumbs v. Administrator,9 Conn. App. 131, 133, 517 A.2d 257 (1986). General Statutes §31-249b provides, in pertinent part, "[a]t any time before the board's decision has become final, any party, including the administrator, may appeal to the superior court for the judicial district . . . wherein the appellant resides." CT Page 4460
General Statutes § 31-249a(a) provides, in pertinent part, "[a]ny decision of the board, in the absence of a timely filed appeal from a party aggrieved thereby or a timely filed motion to reopen, vacate, set aside or modify such decision from a party aggrieved thereby, shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party, provided (1) any such appeal or motion which is filed after such thirty-day period may be considered to be timely filed if the filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing, (2) if the last day for filing an appeal or motion falls on any day when the offices of the Employment Security Division are not open for business, such last day shall be extended to the next business day and (3) if any such appeal or motion is filed by mail, such appeal or motion shall be considered to be timely filed if it was received within such thirty-day period or bears a legible United States postal service postmark which indicates that within such thirty-day period it was placed in the possession of such postal authorities for delivery to the appropriate office. . . ."
In the present case, the decision of the board was mailed on February 1, 1996. The plaintiff timely filed a motion to reopen the board's decision on March 2, 1996. The board denied the plaintiff's motion to reopen on March 27, 1996. The plaintiff filed his appeal on April 26, 1996, within the appeal period provided in § 31-249a. Therefore the present appeal is timely.
B. Exhaustion of Administrative Remedies
"Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board. General Statutes §§ 31-248 (c) and 31-249a(c)." Molnar v.Administrator, 44 Conn. Sup. 285, 289, 685 A.2d 1157 (1995), aff'd, 239 Conn. 233, 685 A.2d 1107 (1996). In the present case, because the board has rendered judgment, and declined to reopen that judgment, the plaintiff has exhausted his administrative remedies.
C. Aggrievement
"To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the CT Page 4461 subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." Stratford v. Administrator,
Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 28 30 20 (December 17, 1991, McGrath, J.), see Molnarv. Administrator, supra, 44 Conn. Sup. 289, citing Smith v.Planning and Zoning Board, 203 Conn. 317, 321, 524 A.2d 1128
(1987). The plaintiff is aggrieved because the plaintiff's pecuniary interests have been directly, specifically and adversely affected by the board's dismissal of his appeal.
V. Standard of Review
"To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry facts nor hear evidence . . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the a administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion. . . ." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck HistoricalSociety v. Administrator, 238 Conn. 273, 278, 679 A.2d 347
(1996); see also United Parcel Service, Inc. v. Administrator,209 Conn. 381, 385-86, 551 A.2d 724 (1988); Practice Book § 519.[1]
"As a general rule, [t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes § 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant." (Internal quotation marks omitted.) United Parcel Service, Inc. v.Administrator, supra, 209 Conn. 386. "To the extent that [a] question involves a matter of statutory construction, it is a question of law on which the agency's view is entitled to deference but is not dispositive. DaSilva v. Administrator,
[175 Conn. 562, 564, 402 A.2d 755 (1978)]. To the extent that it involves an application of the statute to the actual CT Page 4462 circumstances of this case, it requires an appropriate finding of fact at the administrative level." Id., 387.
As previously noted, the factual findings in the present case were made by the appeals referee and adopted by the board, except for Finding of Fact 16.[2] Therefore, this court must accept those facts and simply determine whether the board's decision reasonably and logically followed from such facts, or whether the board's decision was arbitrary, illegal or an abuse of discretion.
VI. Discussion
The plaintiff appeals to the Superior Court on two grounds. One, the board incorrectly applied the law to the facts found, therefore, the board's decision could not reasonably or logically have followed from such factual findings. Two, the board's decision was unreasonable, arbitrary, illegal or an abuse of discretion.
The plaintiff advances three arguments in support of his appeal. One, the plaintiff claims that the Board incorrectly applied the law to the facts and its decision could not reasonably or logically have followed from such facts. Two, the plaintiff claims that the Board's decision was unreasonable, arbitrary, illegal or an abuse of discretion. Three, the plaintiff argues that he did not acquiesce to the job conditions at Marrakech.
The defendant responds that the board's decision was reasonable and legal; that the plaintiff acquiesced to the working conditions at Marrakech; and, that the board's decision to deny the plaintiff's motion to reopen was not arbitrary, unreasonable or illegal.[3]
Essentially, all of the parties' competing claims derive from, and are directed at, the dispositive issue in this appeal: did the plaintiff terminate suitable employment at Marrakech for sufficient cause?
General Statutes (Rev. to 1995) § 31-236 (a)(2)(A) provides, in pertinent part, "[a]n individual shall be ineligible for benefits . . . if, in the opinion of the administrator, he has left suitable work voluntarily and without sufficient cause connected with his work . . . provided . . . no individual shall CT Page 4463 be ineligible for benefits if he leaves suitable work . . . for sufficient cause connected with his work . . . ."[4]
Accordingly, if the plaintiff terminated suitable employment at Marrakech for sufficient cause, the plaintiff is eligible for unemployment compensation benefits; if however, the plaintiff left suitable employment without sufficient cause, he is not eligible for such benefits. Resolution of this issue requires that this court make two inquiries: one, was the plaintiff's employment at Marrakech suitable; and two, did the plaintiff leave Marrakech for sufficient cause.
A. Suitable Work
General Statutes § 31-236 defines suitable work as "either employment in [the individual's] usual occupation or field or other work for which [the individual] is reasonably fitted . . . in determining whether or not any work is suitable for an individual, the administrator may consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training and experience, his skills, his previous wage level and his length of unemployment . . . ."
Section 31-236-3 of the Regulations of Connecticut State Agencies provides that "[s]uitable work means either work in an individual's usual occupation or work for which he is reasonably fitted. Usual occupation is work which the individual has performed for an appreciable period of time. Short-term employment performed sporadically or incidentally shall not be considered by the Administrator in determining an individual's usual occupation. . . . Work for which the individual is reasonably fitted means work which the individual can do or be readily trained to do considering his prior training, education, experience, and skills."[5]
The record reveals the following facts.[6] The plaintiff had no training that would equip him to work as an employment specialist at Marrakech. (ROR, Item 9, Finding 12.). In fact, the plaintiff's usual occupation was that of an executive chef. (ROR, Item 9, Finding 13.) The plaintiff was unable to deal with the daily demands of his job at Marrakech. (ROR, Item 9, Finding 11.) Indeed, the appeals referee expressly found that the plaintiff "was not well-suited to the work" at Marrakech. (ROR, Item 9, Finding 3.)
The record further reveals the fact that the plaintiff was CT Page 4464 seriously injured by the patients at Marrakech on five separate occasions. (ROR, Item 9, Findings 5, 6, 7, 8 10.) These injuries not only caused the plaintiff to suffer physical injury, but also caused the plaintiff to endure stress. (ROR, Item 9, Finding 14.)
Despite these facts, the board determined that the work at Marrakech was suitable work for the plaintiff, on the ground that the plaintiff acquiesced to the working conditions at Marrakech. According to the board, the plaintiff acquiesced to the working conditions at Marrakech by remaining at Marrakech for approximately one year and by not mentioning fear of assault or stress in his letter of resignation.
However, where an employee complains to his superior regarding the employee's dissatisfaction with the working conditions, the conclusion that the employee has acquiesced to those conditions is improper and unreasonable. Cocove v.Administrator, Superior Court, judicial district of Waterbury, Docket No. 11 88 75 (October 7, 1994, Pellegrino, J.). In the present appeal, the board adopted the appeals referee's factual finding that the plaintiff "continuously complained" about the working conditions at Marrakech. (ROR, Item 9, Finding 4.) The board's decision that the plaintiff acquiesced to the working conditions at Marrakech is improper and unreasonable.
Furthermore, the board's determination that the plaintiff's failure to mention his physical injuries, his fear of assault by the patients and the resulting stress rendered the work suitable is illogical and unreasonable in light of the facts found by the appeals referee, and subsequently adopted by the board, which demonstrate that the plaintiff suffered such injuries, fears and stress.
Accordingly, the work at Marrakech was unsuitable for the plaintiff.
B. Sufficient Cause
Section 31-236-17 of the Regulations of Connecticut State Agencies provides "No individual shall be ineligible for benefits as a result of a voluntary leaving of work . . . where he leaves suitable work for sufficient cause connected with his work . . . ." CT Page 4465
"An individual leaves suitable work for cause within the meaning of [§ 31-236], when he leaves employment for reasons which would impel the ordinary reasonable person to leave and which would provide the individual with no reasonable alternative but to terminate his employment. . . . As a matter of law, therefore, a claimant must show that his basis for leaving employment is objectively reasonable and that no reasonable alternative to termination exists." (Citations omitted; internal quotation marks omitted.) Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991).
Regulation 31-239-19 of the Connecticut State Agencies provides, "[i]n determining whether an individual's reason for leaving suitable work is connected with his work, the Administrator must find that the reason relates to wages, hours or any working conditions which comprise the employment that the individual voluntarily left."
Regulation 31-236-22 of the Connecticut State Agencies provides that "(a) [t]o determine that an individual voluntarily left suitable work for sufficient cause connected with his work, the Administrator must find, with respect to working conditions, that . . . (C) working conditions endangered the individual's health or safety to a greater degree than is customary for the employer's industry; or (D) working conditions threatened the individual's health due to his own medical condition; . . . and (2) . . . the individual expressed his dissatisfaction regarding the working condition to his employer and unsuccessfully sought a remedy through those means reasonably available to him before leaving his employment."
The board ruled that the plaintiff left Marrakech without sufficient cause. Specifically, the board held that mere discord with a supervisor or co-worker cannot provide sufficient cause for terminating one's employment, and, mere dissatisfaction with the conditions of one's job does not provide sufficient cause for terminating one's employment.[7]
However, "[i]n this State it is well settled that sufficient cause for leaving employment exists when it is established that an employee's quit was motivated by a fault with or complaint about the job that rendered the job unsuitable employment for the employee." Wenzel v. Administrator, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 11 29 23 (November 10, 1992, Mottolese, J.); citing Consiglio v.CT Page 4466Administrator, 137 Conn. 693, 697, 81 A.2d 351 (1951). InConsiglio, the court emphasized that "[t]he act does not contemplate that an employee must remain upon a job which is unsuitable to the extent, for instance, that it endangers his health." Consiglio v. Administrator, supra 697; see Regulations of Connecticut Agencies 31-236-22 (c) (d), supra. In the present case, the plaintiff was attacked by patients on five separate occasions, suffering physical injury and job related stress. Accordingly, the plaintiff had sufficient cause for terminating his employment at Marrakech.
Finally, the defendant argues that the plaintiff is not eligible for benefits because the plaintiff had a reasonable alternative to termination through Marrakech's grievance procedure. However, given the fact that despite the plaintiff's constant complaints, it took Marrakech ten months to change the plaintiff's work assignment, and, the fact that this new assignment did not remedy the plaintiff's complaints about his working conditions at Marrakech, requiring the plaintiff to remain at Marrakech and subject himself to the possibility of further injury and stress did not provide a reasonable alternative to termination.
Accordingly, the plaintiff left Marrakech for sufficient cause.
VII. CONCLUSION
The plaintiff left unsuitable work for sufficient cause, therefore the court sustains the plaintiff's appeal.
Kevin P. McMahon, Judge