W. SULLIVAN, J.
 

 Pursuant to General Statutes § 31-249b, the plaintiff, Albert Molnar, appeals a decision of the defendant, the administrator of the unemployment compensation act, affirming the decision of the appeals referee that denied the plaintiffs petition for unemployment benefits.
 

 In May, 1988, the plaintiff suffered severe leg injuries in the course of his employment, and upon being eligible to return to work, applied for unemployment compensation on July 11, 1994. The examiner denied his application in a decision dated July 13, 1994, using authority granted under General Statutes § 31-241. On August 19, 1994, the plaintiff appealed the examiner’s decision pursuant to § 31-241. After a hearing before the appeals referee, the referee, acting pursuant to General Statutes § 31-242, affirmed the examiner’s denial. Pursuant to General Statutes § 31-249, the plaintiff appealed the referee’s decision to the employment security board of review (board of review) on September 23, 1994. The board of review, in accordance with its authority under § 31-249, affirmed the referee’s decision. The plaintiff filed the present appeal to this court pursuant to § 31-249b. The plaintiff claims that the board of review acted arbitrarily and capriciously in affirming that compensa
 
 *289
 
 tion benefits received by an injured worker during a period of incapacity do not count as wages to determine the base period of a benefit year. Additionally, the plaintiff claims that General Statutes § 31-230 violates the principles of equal protection because it arbitrarily, and without any rational basis, denies unemployment benefits to injured workers who are still attached to the labor market. A return of record was filed with the court on December 20,1994. A hearing was held before this court on May 16, 1995.
 

 The decision of the board of review was mailed to the parties on November 8, 1994. Pursuant to General Statutes § 31-249a, had no appeal been filed, the board of review’s decision would have become final on December 9, 1994, thirty-one days after the mailing. Pursuant to § 31-249a, the plaintiff filed his appeal on November 28, 1994.
 

 A motion for judgment dismissing the plaintiffs appeal was filed by the defendant on January 26, 1995. In addition, the defendant submitted a memorandum of law on that same date.
 

 On January 30, 1995, the plaintiff filed an objection to the motion for judgment. Additionally, the plaintiff filed a memorandum of law in support of his objection to the motion for judgment on that same date. Both parties also submitted trial briefs, the defendant on February 23, 1995, and the plaintiff on March 21, 1995.
 

 The following facts are found in the record. The plaintiff had been a part-time employee of Domino’s Pizza until May 24, 1988, when he suffered severe leg injuries in the course of his employment. At that time, it was determined that the plaintiff was eligible for workers’ compensation benefits, and he collected workers’ compensation benefits until June, 1994, when he was declared eligible to return to work.
 

 
 *290
 
 The plaintiff applied for unemployment benefits effective July 10, 1994, and was found to be ineligible due to the lack of earnings during the special base period. The examiner issued a decision on July 20,1994. Subsequently, on August 19,1994, the plaintiff appealed the examiner’s decision and had a hearing before an appeals referee, who, on September 13, 1994, affirmed the decision denying him benefits. The referee found that the plaintiff did not qualify for benefits because he had no wages other than workers’ compensation benefits for the past twenty calendar quarters. Additionally, the referee found that since workers’ compensation benefits are not considered wages in terms of calculating a base salary for unemployment benefits, they cannot be used for unemployment compensation matters.
 

 The plaintiff appealed that decision to the board of review on September 23, 1994. The board of review issued its decision on November 8, 1994, affirming the appeals referee’s decision. The board of review found that workers’ compensation payments do not constitute quahfying wages that may be used to meet the monetary eligibility requirement contained in General Statutes § 31-235 (a) (3).
 
 [1]
 
 The board of review, therefore, found that the plaintiff had no qualifying wages during his special base period to meet the eligibility requirements contained in § 31-235 (a) (3).
 

 The plaintiff filed this appeal in the Superior Court on December 20,1994. The plaintiff appealed the board of review’s decision for two reasons. First, the plaintiff alleged that the board of review acted arbitrarily and
 
 *291
 
 capriciously in holding that workers’ compensation benefits received by an injured worker during a period of incapacity do not count as wages to determine the base period of a benefit year. Second, the plaintiff alleged that § 31-230 violates the principle of equal protection because it arbitrarily, and without any rational basis, denies unemployment benefits to injured workers who still are attached to the labor market.
 

 On January 26, 1995, the defendant moved for judgment pursuant to Practice Book § 51 IB and § 31-249b. That motion was denied by this court on May 16, 1995.
 

 Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board. General Statutes §§ 31-248 (c) and 31-249a (c). A party is aggrieved when that party is “affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision . . . .”
 
 Smith
 
 v.
 
 Planning & Zoning Board,
 
 203 Conn. 317, 321, 524 A.2d 1128 (1987). The plaintiffs pecuniary interest has been affected by the board of review’s decision, and, therefore, the court finds that the plaintiff has been aggrieved. Additionally, the plaintiff has exhausted his administrative remedies.
 

 Unemployment compensation appeals must be taken in a timely manner or they are to be dismissed.
 
 Gumbs
 
 v.
 
 Administrator, Unemployment Compensation Act,
 
 9 Conn. App. 131, 133, 517 A.2d 257 (1986). Section 31-249a provides that in the absence of an appeal by an aggrieved party, or a timely motion to open, vacate, set aside or modify a decision of the board of review, any decision of the board of review shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party. The decision of the board of review was mailed on November 8,1994. The plaintiff, therefore, filed the present appeal in a timely manner on November 28, 1994.
 

 
 *292
 
 “To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. ... If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion.” (Citations omitted.)
 
 United Parcel Service, Inc.
 
 v.
 
 Administrator, Unemployment Compenstion Act,
 
 209 Conn. 381, 385-86, 551 A.2d 724 (1988).
 

 “As a general rule, ‘[t]he application of statutory criteria to determine a claimant’s eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236 involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.’ ” Id., 386, quoting
 
 Burnham
 
 v.
 
 Administrator, Unemployment Compensation Act,
 
 184 Conn. 317, 323, 439 A.2d 1008 (1981).
 

 Questions involving matters of statutory construction are questions of law on which the agency’s view is entitled to deference but is not dispositive.
 
 United Parcel Service, Inc.
 
 v.
 
 Administrator, Unemployment Compensation Act,
 
 supra, 209 Conn. 387.
 

 The court may remand the case to the board of review for proceedings de novo, or for farther proceedings on the record, or for such limited purposes as the court may prescribe. General Statutes § 31-249b. The court may also order the board of review to remand the case to a referee for any further proceedings deemed
 
 *293
 
 necessary by the court. General Statutes § 31-249b. Remanding the matter to the administrative agency for further proceedings where more than one conclusion could be drawn by the agency is proper.
 
 Fabrizi
 
 v.
 
 Administrator, Unemployment Compensation Act,
 
 12 Conn. App. 207, 211-12, 530 A.2d 203 (1987).
 

 The plaintiff sets forth two grounds for this appeal. First, the plaintiff alleges that the board of review acted arbitrarily and capriciously in holding the compensation benefits received by an injured worker during a period of incapacity do not count as wages to determine the base period of a benefit year. Second, the plaintiff alleges that § 31-230 violates the principles of equal protection because it arbitrarily and without any rational basis denies unemployment benefits to injured workers who still are attached to the labor market.
 

 In his memorandum of law, which the plaintiff filed in opposition to the defendant’s motion for judgment, the plaintiff had argued that the board of review acted in an arbitrary and capricious manner in denying the plaintiff unemployment benefits. The court finds that in reaching its decision, the board considered the relevant Connecticut statutes, General Statutes §§ 31-222,
 
 [2]
 
 31-230,
 
 [3]
 
 and 31-235, a prior board of review decision,
 
 Kelly
 
 
 *294
 
 v.
 
 Administrator,
 
 Workers’ Compensation Review Board, Case No. 1271-BR-92 (July 10, 1992), and a Superior Court decision,
 
 Bongaro
 
 v.
 
 Administrator,
 
 Superior Court, New London County, Docket No. 19252 (February 27, 1950). The board of review found that these cases stood for the proposition that workers’ compensation payments do not constitute qualifying wages in calculating eligibility for unemployment compensation. The board of review concluded that, because the plaintiff had no qualifying wages to meet the eligibility requirements for unemployment under General Statutes § 31-235 (a) (3), he was not entitled to unemployment benefits.
 

 In his memorandum of law, the defendant argues that § 31-230 bears a rational relationship to a legitimate governmental interest and is, therefore, constitutional. The defendant also argues that the legislature did not act arbitrarily when it excluded workers’ compensation benefits from wages used to determine unemployment compensation. For these reasons, the defendant contends that the decision of the board of review should be affirmed.
 

 Section 31-235 (a) (3) provides that an “unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that . . . he has been paid wages by an employer who was subject to the provisions of this chapter during the base period of his current benefit year in an amount at least equal to forty times his benefit rate for total unemployment . . . .” The board of review, in analyzing this statute, emphasized the definition of wages in § 31-222 (b) (1) as being “all remuneration for employment and dismissal payments” and determined that the plaintiff had no qualifying wages to qualify for unemployment benefits.
 

 A reasonable interpretation of these statutes suggests that the workers’ compensation payments received by
 
 *295
 
 the plaintiff did not constitute qualifying wages for the puipose of calculating unemployment benefits. The board of review’s decision, therefore, was based on sound reasoning and legal grounds and was not arbitrary or capricious.
 

 The plaintiff also argues that § 31-230 violates the principles of equal protection by arbitrarily denying unemployment benefits to injured workers whose injury prevents them from working for the twelve quarters preceeding the claim for benefits. Section 31-230 provides in relevant part that “[t]he base period of a benefit year shall be the first four of the five most recently completed calendar quarters prior to such benefit year . . . except that for any individual who is eligible to receive or is receiving workers’ compensation . . . the base period shall be the first four of the five most recently worked quarters prior to such benefit year, provided such quarters were not previously used to establish a prior valid benefit year and provided further, the last most recently worked calendar quarter is no more than twelve calendar quarters prior to the date such individual makes his initiating claim.”
 

 “Although the equal protection clause directs that all persons similarly circumstanced shall be treated alike ... it does not require things which are different in fact or opinion to be treated in law as though they were the same. . . . Generally, the states retain broad discretion to determine what is different and what is the same. ... In most cases, therefore, a state legislature is free to classify as long as the distinction it draws bears some fair relationship to a legitimate public purpose.’ ” (Citations omitted; internal quotation marks omitted.)
 
 Barannikova
 
 v.
 
 Greenwich,
 
 229 Conn. 664, 675, 643 A.2d 251 (1994).
 

 The Connecticut Supreme Court has recently discussed the application of the appropriate standard of
 
 *296
 
 review for equal protection cases demanding the “rational basis review.” In
 
 Johnson
 
 v.
 
 Meehan,
 
 225 Conn. 528, 539-40, 626 A.2d 244 (1993), the court found that the “Equal Protection Clause does not demand for purposes of rational-basis review that a legislature or governing decision maker actually articulate at any time the purpose or rationale supporting its classification. . . . This court’s review requires only that the differing financial ability between the two groups may conceivably or may reasonably have been the purpose or policy of the relevant decision maker. . . . The legislature, cognizant of the constitutional guarantees of equal protection, must be deemed to have sought to attain a rational and sensible result that avoids placing a statute in constitutional jeopardy.” (Citations omitted; internal quotation marks omitted.) “[A] classification must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.” (Internal quotation marks omitted.)
 
 Heller
 
 v.
 
 Doe,
 
 509 U.S. 312, 320, 113 S. Ct. 2637, 125 L. Ed. 2d 257 (1993).
 

 In Connecticut, “the legislature has broad discretion in the exercise of its power to legislate, and . . . ‘[i]n areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.’ ”
 
 Broadley
 
 v.
 
 Board of Education,
 
 229 Conn. 1, 8-9, 639 A.2d 502 (1994), quoting
 
 Federal Communications Commission
 
 v.
 
 Beach Communications, Inc.,
 
 508 U.S. 307, 313, 113 S. Ct. 2096, 124 L. Ed. 2d 211 (1993).
 

 In the present action, the statutory classification in question is found in § 31-230, which allows recent recipients of workers’ compensation benefits, who are
 
 *297
 
 applying for unemployment benefits, to use the past twelve quarters to qualify for unemployment compensation benefits, as opposed to the past five quarters for applicants who have not received workers’ compensation benefits. In the present case, the court must uphold the statute unless the court determines that no reasonably conceivable state of facts could provide a rational basis for this classification.
 

 Section 31-230 was amended by No. 77-426 of the 1977 Public Acts, which extended the number of quarters that a person who had been receiving workers’ compensation benefits could use to qualify for unemployment benefits. During deliberations in the House of Representatives, Representative John G. Matthews said that “the purpose behind [the bill] . . . gives the employee the longer time in which to be eligible to receive . . . unemployment . . . .” 20 H.R. Proc., Pt. 4, 1977 Sess., p. 1482. Representative Samuel Gejdenson noted that “the reason that the law is needed is that it affects those people who’ve probably been [on] hard times . . . and we’re now trying to give them a chance to get back on their feet if their employment has been terminated following their injury.” Id., p. 1483. In the Senate proceedings, Senator Lewis B. Rome stated that “I think it follows consistently with the theory that . . . if persons are unemployed through no fault of their own, they ought to receive compensation.” 20 S. Proc., Pt. 3, 1977 Sess., p. 1246.
 

 The court may find from the legislative history that the amendment to § 31-230 was remedial, designed to help people who had been on workers’ compensation and then lost their jobs once they returned to work. The plaintiff claims that there is no rational basis for requiring an individual to have worked in the past twelve quarters to collect unemployment benefits. The twelve quarter period, however, is actually a more
 
 *298
 
 lenient standard for the worker who has collected workers’ compensation than for a claimant who had not been collecting workers’ compensation because it allows that first type of claimant additional periods of time to qualify for unemployment compensation benefits.
 

 There is no evidence in the legislative history to indicate why the period was limited to twelve quarters. “As long as the disparate treatment is, as here, rationally based, we may not judge the wisdom, desirability or logic of the legislative determination . . . even where the legislature has not expessly articulated the purpose or rationale underlying its enactment.” (Citations omitted.)
 
 Broadley
 
 v.
 
 Board of Education,
 
 supra, 229 Conn. 9, citing
 
 Nordlinger
 
 v.
 
 Hahn,
 
 505 U.S. 1, 15, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992).
 

 The disparate treatment in the present case, giving recipients of workers’ compensation benefits a longer period of time to qualify for unemployment benefits, is rationally based on a legitimate state interest in aiding workers who have recently been injured. The legislative history indicates that one purpose of the statute was to give employees, who may have undergone hard times due to their injury and then became unemployed through no fault of their own, the opportunity to receive unemployment compensation. 20 S. Proc., supra, p. 1246. It does not seem unreasonable, however, that the legislature extended the period for only twelve quarters. The legislature may have reasonably decided that if an employee has not worked in the past twelve quarters, the employee no longer has a strong enough connection with the labor market to warrant receiving unemployment benefits.
 

 This statute should be upheld if the statutory classification “ ‘bears some fair relationship to a legitimate public purpose.’ ”
 
 Barannikova
 
 v.
 
 Greenwich,
 
 supra,
 
 *299
 
 229 Conn. 675. “The purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . .”
 
 Cervantes
 
 v.
 
 Administrator, Unemployment Compensation Act,
 
 177 Conn. 132, 136, 411 A.2d 921 (1979). The legislature has extended the period in which an employee receiving workers’ compensation can qualify for unemployment benefits. This classification is reasonable and is fairly related to a legitimate public purpose. Section 31-230, therefore, is constitutional. Accordingly, this appeal from the decision of the board of review is dismissed.
 

 [1]
 

 General Statutes § 31-235 provides in relevant part: “(a) An unemployed individual shall be eligible to receive benefits with respect to any week only if it has been found that ... (3) he has been paid wages by an employer who was subject to the provisions of this chapter during the base period of his current benefit year in an amount at least equal to forty times his benefit rate for total unemployment . . . .”
 

 [2]
 

 General Statutes § 31-222 (b) (1) supplies the definition of wages as used in determining unemployment compensation and provides: “ ‘Total wages’ means all remuneration for employment and dismissal payments, including the cash value of all remuneration paid in any medium other than cash except the cash value of any remuneration paid for agricultural labor or domestic service in any medium other than cash.”
 

 [3]
 

 General Statutes § 31-230 provides in relevant part: “The base period of a benefit year shall be the first four of the five most recently completed calendar quarters prior to such benefit year . . . except that for any individual who is eligible to receive or is receiving workers’ compensation . . . the base period shall be the first four of the five most recently worked quarters prior to such benefit year, provided such quarters were not previously used to establish a prior valid benefit year and provided further, the last most recently worked calendar quarter is no more than twelve calendar quarters prior to the date such individual makes his initiating claim. . . .”