## ALBERT MOLNAR *v.* ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT
## (15449)

Callahan, C. J., and Berdon, Norcott, McDonald and Peters, Js.

Argued October 2—officially released November 12, 1996

*William J. Ward,* for the appellant (plaintiff).

*Thomas P. Clifford III,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The two issues presented by this appeal are whether the trial court properly determined that: (1) workers' compensation benefits do not qualify as "wages" within the meaning of General Statutes § 31-222 (b) (1)[1] and therefore could not be used to determine the base period of a benefit year under General Statutes § 31-230;[2] and (2) so interpreted, § 31-230 does

---

[1] General Statutes § 31-222 (b) (1), which defines the wages to be used in determining unemployment compensation, provides: " 'Total wages' means all remuneration for employment and dismissal payments, including the cash value of all remuneration paid in any medium other than cash except the cash value of any remuneration paid for agricultural labor or domestic service in any medium other than cash."

[2] General Statutes § 31-230 provides in relevant part: "The base period of a benefit year shall be the first four of the five most recently completed calendar quarters prior to such benefit year . . . except that for any individual who is eligible to receive or is receiving workers' compensation . . . the base period shall be the first four of the five most recently worked quarters prior to such benefit year, provided . . . the last most recently

not violate the equal protection clause of the fourteenth amendment to the United States constitution. We affirm the judgment of the trial court.

The plaintiff, Albert Molnar, was a part-time employee of Domino's Pizza in May, 1988, when he severely injured his leg in the course of his employment. He thereafter collected temporary total benefits from his employer's workers' compensation carrier until June, 1994, when he was declared eligible to return to work. The plaintiff subsequently applied for unemployment compensation benefits effective July 10, 1994, and was found ineligible by an unemployment compensation examiner due to his lack of wages during the base period applicable to those individuals receiving workers' compensation benefits. See General Statutes § 31-230. The plaintiff unsuccessfully appealed that decision within the agency, first to an appeals referee and later to the employment security board of review (board). He subsequently appealed to the Superior Court, which affirmed the board's decision.

The trial court concluded that the board did not act arbitrarily in affirming the referee's determination that workers' compensation benefits received by an employee during a period of incapacity do not qualify as wages within the meaning of § 31-222 (b) (1).

The plaintiff also raised an equal protection claim to the trial court, arguing that no rational basis exists for the legislature's determination that only the recipient of workers' compensation benefits whose "last most recently worked calendar quarter is no more than twelve calendar quarters prior to the date" of the individual's initiating claim could subsequently receive unemployment compensation benefits once he or she was declared eligible to return to work. See General

worked calendar quarter is no more than twelve calendar quarters prior to the date such individual makes his initiating claim."

Statutes § 31-230. Finding that there was a rational basis for the twelve quarter cutoff, the trial court rejected that claim. The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

Our examination of the record and the briefs and arguments of the parties on appeal persuades us that the judgment of the trial court should be affirmed. The central issues relating to the proper interpretation of the relevant statutes and the constitutionality of the classification contained in § 31-230 were properly resolved in the trial court's thoughtful and comprehensive memorandum of decision. *Molnar* v. *Administrator, Unemployment Compensation Act*, 44 Conn. Sup. 285, 685 A.2d 1157 (1996). It would serve no useful purpose for us to repeat the discussion contained therein. Cf. *Val-Pak of Central Connecticut North, Inc.* v. *Commissioner of Revenue Services*, 235 Conn. 737, 740, 669 A.2d 1211 (1996); *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995).

The judgment is affirmed.