[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Pace Air Services, Inc. appeals under General Statutes §31-249b from a decision of the Employment Security Board of Review allowing a former employee of Pace, Donald Hancock, to receive unemployment compensation benefits. Hancock was discharged from employment after Pace learned that a urinalysis test showed he had ingested cocaine. Pace claims (1) that the Federal Motor Carrier Safety Regulations[1] preempted or CT Page 1436 invalidated the provisions of the Connecticut Unemployment Compensation Act[2] under which Hancock was entitled to receive compensation and, alternatively, (2) that the Board erroneously found Pace failed to prove Hancock's actions constituted either "repeated wilful misconduct" or "just cause," which conduct is grounds under General Statutes § 31-236 (a)(2)(B) for disqualifying a person from receiving benefits. For the reasons stated below, the appeal is denied.
I. PROCEDURAL HISTORY
After Pace terminated Donald Hancock's employment on August 21, 1992, Hancock applied for unemployment benefits. A claims examiner found Hancock eligible to receive benefits. Pace appealed this finding to an Appeals Referee, who determined that Hancock was not eligible to receive benefits. Hancock appealed the referee's decision to the Employment Security Board of Review. The Board reversed the decision of the referee and found Hancock eligible to receive benefits. Pace moved to reopen and/or vacate the Board's decision. After the Board denied the motion, Pace timely appealed to this court under General Statutes §31-249b.
II. JURISDICTION
All appeals from the board to the court are controlled by General Statutes § 31-249b. Calnan v. Administrator.Unemployment Compensation Act, 43 Conn. App. 779, 783,686 A.2d 134 (1996). "Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board." Molnar v. Administer. Unemployment Compensation Act,44 Conn. Sup. 285, 289, 685 A.2d 1157 (1995), affd,239 Conn. 233, 685 A.2d 1107 (1996). Pace is an aggrieved party since its compensation account interest has been affected by the Board's decision. Pace has exhausted its administrative remedies as the Board has refused Pace's motion to reopen and/or vacate the decision of the Board. Accordingly, this court has jurisdiction to consider the appeal under § 31-249b.
III. STANDARD OF REVIEW
When this court decides an appeal under § 31-249b, this court does not retry the facts or hear evidence but rather reviews the record certified and filed by the Board of Review.E.g., United Parcel Services. Inc. v. Administrator, 209 Conn. 381, 385, CT Page 1437551 A.2d 724 (1988). "[I]t is not [the court's] function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Board." Cervantes v. Administrator,177 Conn. 132, 134, 411 A.2d 921 (1979). The court is bound by the findings of subordinate fact and reasonable factual conclusions of the Board. Guevara v. Administrator,172 Conn. 492, 495, 374 A.2d 1101 (1977). If the Board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Id. at 495-96. Legal conclusions must stand if they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. UnitedParcel Service, Inc. v. Board, supra at 385. In the end, the court is limited to determining, on the record, whether there is a logical and rational basis for the decision of the Board or whether, in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Fellin v. Administrator, 196 Conn. 440, 445,493 A.2d 174 (1985).
IV. DISCUSSION
The record shows that Hancock was employed by Pace as a full-time driver for six years. In April of 1992, after refusing to take a drug test, Hancock entered an in-patient drug treatment program. He successfully completed the program and was released from the program after thirty-two days. He returned to work in May of 1992. At first, he worked on a temporary basis as a terminal manager/dispatcher. At the end of July, 1992, he resumed driving on weekends. After his release from the in-patient drug program, Pace participated in various out-patient programs. He suffered a "relapse of his addiction" on August 5, 1992, and resumed attending Narcotics Anonymous and Alcoholics Anonymous meetings every night. On August 19, 1992, he submitted to a drug test. On August 21, 1992, the employer was advised that Hancock had tested positive for crack cocaine and discharged him. At the hearing before the Appeals Referee, Hancock denied that he had used drugs on the job, but admitted he had been under the influence of crack cocaine while driving the employer's vehicle on August 15 and 16, 1992. The employer did not observe Hancock engaging in questionable behavior at work.
Section 31-236 of the General Statutes sets forth circumstances under which a person who is eligible to receive benefits is disqualified. In 1992, the statute did not provide for disqualification when a claimant was discharged for failing a CT Page 1438 drug test. To be found ineligible for benefits, a claimant's illegal use of a controlled substance had to constitute "repeated wilful misconduct," "just cause," or "felonious conduct" in the course of employment.[3] The Appeals Referee found that Hancock's off-duty drug usage and on-duty impairment did not constitute wilful misconduct due to his drug addiction. She further found, however, that Hancock's off-duty possession of an illegal drug was a felony in the course of the employment and, on the basis of this finding, sustained Pace's appeal and denied Hancock's claim for benefits.
The Board reversed the Appeals Referee. It first ruled, with respect to "wilful misconduct," as follows: "Since the claimant's refusal to submit to the April, 1992 drug test may be attributed to his drug dependency, we do not find that his refusal constituted wilful misconduct. . . .[W]e find his positive drug test [on August 19, 1992] and his on-the-job impairment were a result of his addiction, and do not constitute wilful misconduct in the course of the employment." The Board next concluded that "even though the claimant may have possessed cocaine off-duty when he ingested that illegal substance, his act of felonious conduct was not in the course of his employment within the meaning of Conn. Gen. § 31-236 (a)(2)(B) and Conn. Agencies Regs. § 236-25."[4] Finally, the Board concluded that, because Pace had not proven a single act of "wilful misconduct," Pace had not proven "just cause" for discharge since "just cause" requires proof of "a single act of wilful misconduct in the course of the individual's employment which seriously endangers the life, safety or property of his employer, fellow employees, or the general public."[5] The single act of "wilful misconduct" was not proven in light of Hancock's drug addiction.
Pace first contends that the Unemployment Compensation Act, as it existed in 1992, was preempted by the Federal Motor Carrier Safety Regulations and was therefore erroneously applied by the Board. Pace argues it had the right to discharge Hancock upon his failing the drug test without incurring charges to its compensation account and that any state law allowing benefits under such circumstances was invalid. This issue was raised by Pace in another appeal that was argued at the same time as this appeal. For the reasons stated in Pace Air Services v.Administrator, Unemployment Compensation Act and Jeffrey A.Chalmers, judicial district of Bridgeport at Fairfield, Docket No. CV 96-0331049 S (Feb. 6, 1998), this court concludes that the Federal Motor Carrier Safety Regulations. which relate to highway safety, do not preempt or invalidate this state's unemployment CT Page 1439 compensation laws, which relate to job security.
Pace next claims that the Board, in assessing Hancock's drug dependency, incorrectly applied the law to the facts and thereby erroneously concluded that Hancock was incapable of committing "willful misconduct." A correct application of the law, according to Pace, would have resulted in a finding of "willful misconduct" and "just cause." This argument is based on the contention the Board failed to follow its regulations when evaluating the evidence.
The regulation Pace claims the Board failed to follow is § 31-236-37. This section provides as follows: "The Administrator shall consider addiction to alcohol or other drugs to be an illness. Where the Administrator finds that an individual was discharged for one or more acts of misconduct resulting from alcohol or drug usage and it is established, by competent medical or professional evidence or testimony that the individual is physically addicted to alcohol or any other drug, such misconduct shall not be deemed intentional or deliberate or reckless, and therefore shall not constitute wilful misconduct, under section 31-236-26."[6]
Pace contends § 31-236-37 requires proof of drug addiction to be based on the testimony of a medical or professional person. The regulation is not so restrictive. Drug or alcohol addiction may be established by "testimony." The conclusion that Hancock was addicted to drugs was based on his testimony that he was addicted and was corroborated by evidence relating to the in-patient drug program and participation in Narcotics Anonymous and Alcohol Anonymous meetings. There was a reasonable and logical basis for the Board's conclusion.
The appeal is denied.
THIM, JUDGE