[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Uriel Gomez appeals under General Statutes § 31-249b from a decision of the Employment Security Board of Review denying him unemployment benefits.
The record reveals that on June 4, 1997, the Administrator notified the claimant (Gomez) and the employer that the Administrator had denied benefits for the claimant because he was discharged for willful misconduct. The claimant appealed the decision to an Appeals Referee on June 10, 1997. On July 8, 1997, the Referee affirmed the Administrator's decision, finding that the claimant was discharged for willful misconduct. On July 21, 1997, the claimant appealed the Referee's decision. On August 28, 1997, the Board affirmed the Referee's decision. On September 5, 1997, the Claimant filed an appeal to the Superior Court and the appeal was heard by this Court on May 3, 1999.
All appeals from the Board to the Superior Court are controlled by Section 31-249b of the. Connecticut General Statutes. Calnan v. Administrator Unemployment Compensation Act,43 Conn. App. 779, 783, 686 A.2d 134 (1996). "Judicial review of any decision shall be allowed only after an aggrieved party has exhausted his remedies before the board." Molnar v. AdministerUnemployment Compensation Act, 44 Conn. Sup. 285, 289,685 A.2d 1157 (1995), affd, 239 Conn. 233, 685 A.2d 1107 (1996). The claimant, Uriel Gomez, is an aggrieved party by virtue of the fact that his claim for The record indicates that Gomez has exhausted his administrative remedies. Accordingly, this Court has jurisdiction to consider the appeal under Section 31-249b of the Connecticut General Statutes.
When the Superior Court decides an appeal under C.G.S. CT Page 987731-249b, the Court does not retry the facts or hear evidence but rather reviews the record certified and filed by the Board of Review. United Parcel Services. Inc. v. Administrator,209 Conn. 381, 385, 551 A.2d 724 (1988). "[I]t is not [the court's] function to adjudicate questions of fact, nor may it substitute its own conclusions for those of the Board." Cervantes v.Administrator, 177 Conn. 132, 134, 411 A.2d 921 (1979). The court is bound by the findings of subordinate fact and reasonable factual conclusions of the Board. Guevara v. Administrator,172 Conn. 492, 495, 374 A.2d 1101 (1977). If the Board's conclusions are reasonably and logically drawn, the court is legally powerless to alter them. Id. at 495-96. Legal conclusions must stand if they result from a correct application of the law to the facts found and could reasonably and logically follow from such facts. United Parcel Service, Inc. v. Board, supra at 385. In the end, the court is limited to determining, on the record, whether there is a logical and rational basis for the decision of the Board or whether, in light of the evidence, the Board has acted unreasonably, arbitrarily, illegally or in abuse of its discretion. Fellin v. Administrator, 196 Conn. 440, 445,493 A.2d 174 (1985).
The issue on appeal then is whether the Board of Review's decision is unreasonable, arbitrary or illegal. The only apparent claim of error in the pro se petition of the claimant is that the Board's actions were "unfair".
A review of the record discloses that the Board of Review determined that the claimant was discharged for willful misconduct. The record discloses that the claimant was employed by the employer as a cleaner, on a full-time basis, from May 14, 1996 until May 6, 1997 when he was discharged for using his employer's telephones for personal use. The record further discloses that the claimant had been observed using the employer's phones "excessively and on a regular basis The record further discloses that the claimant had been warned on several occasions in December of 1996 and in January and February of 1997 that his continued unauthorized use of the employer's telephones could result in his discharge from employment.
In appeals such as the instant appeal, it is not the function of the Court to adjudicate questions of fact. "Rather, it is the function of the court to determine, on the record, `whether there is a logical and rational basis for the decision of the [board] or whether, in the light of the evidence, [the board] has acted CT Page 9878 illegally or in abuse of [its] discretion.' Taminski v.Administrator, 168 Conn. 324, 326 A.2d 868 (1975)." Calnan v.Administrator. Unemployment Compensation Act, 43 Conn. App. 779,785 (1996).
Based upon its review of the record, this Court concludes that there is a logical and rational basis for the decision of the Board. This Court finds that the Board did not act arbitrarily or in abuse of its discretion when it adopted the referee's findings and affirmed the decision.
Accordingly, the appeal is denied.
BY THE COURT
CARROLL, J.