[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I. STATEMENT OF THE CASE
The plaintiff, Jacqueline K. Thompson, appeals from a decision by the employment security board of review (board), denying her claim for unemployment compensation benefits. The Administrator of the Unemployment Compensation Act is the named defendant. The board acted pursuant to General Statutes § 31-249 in denying the plaintiff's claim. The plaintiff appeals to the Superior Court pursuant to General Statutes § 31-249b.
 II. PROCEDURAL HISTORY
The board's decision denying the plaintiff's claim for unemployment compensation was mailed to the plaintiff on May 30, 1997. (Return of Record [ROR], Item 12.) Pursuant to General Statutes § 31-249a (b), the plaintiff filed a timely motion to reopen and modify the decision on June 19, 1997. (ROR, Item 13.) General Statutes § 31-249a (a) provides in part that "[a]ny decision of the board . . . shall become final on the thirty-first calendar day after the date on which a copy of the decision is mailed to the party. . . ." The chairman's decision denying the motion to reopen and modify the decision was mailed to the plaintiff on July 22, 1997. (ROR, Item 15.) In accordance with General Statutes § 31-249b, the plaintiff filed a timely petition of appeal to the Superior Court for the judicial district of Tolland with the board on August 20, 1997. (ROR, Item 16.) The return of record was filed with the court on September 5, 1997.
 III. FACTUAL HISTORY
The record reveals the following. The plaintiff was employed as a special events coordinator for WTIC — Hartford Television, Inc. (WTIC-TV) from June, 1994, to May 10, 1996. (ROR, Item 8.) On April 29, 1996, the plaintiff gave WTIC-TV a two-week notice of her resignation and her last day of work was May 10, 1996. (ROR, Item 8.) The plaintiff claimed that she resigned because of poor working conditions, which included a hostile and abusive working environment and excessive hours. (ROR, Item 5.) In addition, the plaintiff claimed that the poor working conditions had a negative impact on her health. (ROR, Item 1.) A fact finding report dated CT Page 575 June 4, 1996, was completed and signed by the plaintiff on June 17, 1996, in order for her to receive unemployment compensation benefits. (ROR, Item 1.)
In accordance with General Statutes § 31-241, a fact-finding hearing was scheduled on June 17, 1996, before the administrator of the unemployment compensation department in order to determine whether the plaintiff was entitled to benefits. (ROR, Item 5.) On June 20, 1996, the administrator ruled that effective June 2, 1996, through May 31, 1997, the plaintiff was entitled to unemployment compensation benefits from WTIC-TV because she "left work for good cause attributable to her employer." (ROR, Items 2, 8.) The administrator concluded that the plaintiff's working conditions became intolerable, resulting in stress related symptoms, and that the plaintiff sought a remedy prior to leaving in that she tried unsuccessfully to resolve her dispute with her immediate supervisor. (ROR, Item 8.)
On July 10, 1996, WTIC-TV filed a timely appeal of the administrator's decision to an appeals referee pursuant to General Statutes § 31-241. (ROR, Items 2, 3, 4.) Pursuant to General Statutes § 31-242, a de novo hearing was conducted by an appeals referee on August 5, 1996. (ROR, Item 8.) In support of its appeal, WTIC-TV claimed that the plaintiff failed to notify the employer of any problems or concerns prior to leaving her job. (ROR, Item 8.) The appeals referee reversed the administrator's ruling by a decision mailed on March 27, 1997. (ROR, Item 8.) The appeals referee concluded that because the plaintiff did not follow the employer's problem solving procedures, she failed to explore reasonable alternatives which might have preserved her employment. (ROR, Item 8.) Furthermore, the referee concluded that the plaintiff did not establish that she left her job for good cause attributable to the employer, therefore she was ineligible for benefits pursuant to General Statutes § 31-236 (a)(2)(A). (ROR, Item 8.)
In accordance with General Statutes § 31-249, the plaintiff appealed this decision to the board. (ROR, Items 9, 10, 11.) In this appeal, which was mailed on April 16, 1997, the plaintiff alleged that she resigned due to excessive working hours and a hostile and abusive working environment. (ROR, Items 9, 11.) She alleged that she made several unsuccessful attempts to resolve her problems with the business manager, and she was unable to meet with the general manager because he "was too busy." (ROR, Items 9, 11.) The plaintiff also asserted that she did not have CT Page 576 an exit interview and she did not receive a handbook at the time she was hired, but months after she was employed. (ROR, Item 9.) In addition, the plaintiff claimed that she was entitled to review the case folder prior to the hearing before the appeals referee, but it lacked "usual" documents, which led the plaintiff to be unclear as to the basis of WTIC-TV's appeal. (ROR, Item 9.) Furthermore, the plaintiff asserted that there was an unreasonable delay between the hearing and the decision by the appeals referee, which attributed to an inflated taxable income in 1996 because of the tax on the benefits she received. (ROR, Items 9, 11.)
Pursuant to General Statutes § 31-249, the board affirmed the referee's decision and dismissed the appeal by a decision mailed on May 30, 1997. (ROR, Item 12.) The board found that "the contention offered by the appellant in support of the appeal does not materially controvert the Referee's findings of fact and that those findings are supported by the record. . . . [T]he conclusion reached by the Referee is legally consistent with those findings and the provisions of the Connecticut Unemployment Compensation Act governing the issue presented by the appeal." (ROR, Item 12.) In making this determination, the board reviewed the record in the appeal, including the tape recording of the referee's hearing. (ROR, Item 12.) The board determined that the record revealed that: 1) the plaintiff did not request a continuance of the referee's hearing to obtain a copy of the employer's fact finding statement to better prepare her case, 2) the plaintiff did not give the employer a reason for leaving her job, 3) the plaintiff was informed at the time of hire that her job would include weekend work and she acquiesced to that condition and 4) the plaintiff's discomfort with working with a particular co-worker contributed to her decision to leave her job. (ROR, Item 12.) In addition, the board stated that exit interviews are not means in which to resolve grievances in lieu of leaving a job. (ROR, Item 12.) The board also found that while there was an unreasonable delay between the date of the referee's hearing and the date of the decision, the plaintiff ceased filing for benefits as of the week in which the hearing was held. (ROR, Item 12.) Therefore, the overpayment of unemployment compensation benefits was not directly attributable to any delay by the appeals referee. (ROR, Item 12.) Ultimately, the board adopted the referee's "findings of fact and decision as its own." (ROR, Item 12.)
On June 17, 1997, a motion by the plaintiff to reopen and CT Page 577 modify the decision was mailed to the board. (ROR, Item 13.) The motion was filed on June 19, 1997. (ROR, Items 13, 14.) The plaintiff moved that the board reverse the decision by the referee on the ground that: 1) the plaintiff attempted to retain a position with WTIC-TV in the Master Control Department, but the business manager thwarted the effort, 2) WTIC-TV should take some responsibility for the lack of due diligence within their management structure, for example, not asking the plaintiff why she was leaving her employment and 3) there was an adverse effect on her taxable income due to the unreasonable delay between the hearing and the decision by the appeals referee. (ROR, Item 13.)
The motion to reopen subsequently was denied in a decision mailed on July 22, 1997. (ROR, Item 15.) In this decision, the board concluded that the plaintiff failed to show that the ends of justice required a reopening of the board's decision. (ROR, Item 15.) The board disagreed with the plaintiff's contention that the employer bore the responsibility of determining her reasons for leaving employment because a claimant bears the responsibility of exhausting reasonable alternatives to leaving work under the Unemployment Compensation Act. (ROR, Item 15.) The board also noted that it was not permitted to waive any overpayment of benefits because the plaintiff's overpayment was not directly attributable to the delay between the referee's hearing and the decision, and the plaintiff did not receive any benefits after the date of the referee's hearing. (ROR, Item 15.) The plaintiff subsequently filed a petition of appeal to the Superior Court with the board on August 20, 1997. (ROR, Item 15.)
 IV. JURISDICTION
"To be an aggrieved person, one must be affected directly or in relation to a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community, and the appellant must be specially and injuriously affected as to property or other legal rights." (Internal quotation marks omitted.) Dinnie v. Administrator, Superior Court, judicial district of Tolland at Rockville, Docket No. 59850 (March 20, 1997, Klaczak, J.), quoting Smith v. Planning Zoning Board,203 Conn. 317, 321, 524 A.2d 1128 (1987). If a plaintiff's pecuniary interest is affected by the board's decision, that person has been aggrieved. Molnar v. Administrator, UnemploymentCompensation Act, 44 Conn. Sup. 285, 289, 685 A.2d 1157 (1995), aff'd, 239 Conn. 233, 685 A.2d 1107 (1996). CT Page 578
In the present case, the plaintiff is an aggrieved person because her pecuniary interests are directly, specifically and adversely affected by the board's dismissal of her appeal in that she will be charged with repayment of the benefits she received. See Dinnie v. Administrator, supra, Superior Court, Docket No. 59850.
 V. STANDARD OF REVIEW
"[A]ppeals from the board to the Superior Court are specifically exempted from governance by General Statutes § 4-166
et seq., the Uniform Administrative Procedure Act. All appeals from the board to the court are controlled by § 31-249b." Calnanv. Administrator, Unemployment Compensation Act,43 Conn. App. 779, 783, 686 A.2d 134 (1996). In an appeal under General Statutes § 31-249b, "any finding of the referee or the board shall be subject to correction only to the extent provided by section [22-9] of the Connecticut Practice Book."
Practice Book § 22-9(a) provides in part that "[s]uch appeals are heard by the [Superior Court] upon the certified copy of the record filed by the board. The court does not retry the facts or hear evidence. It considers no evidence other than that certified to it by the board, and then for the limited purpose of determining whether the finding should be corrected, or whether there was any evidence to support in law the conclusions reached. It cannot review the conclusions of the board when these depend upon the weight of the evidence and the credibility of witnesses. In addition to rendering judgment on the appeal, the court may order the board to remand the case to a referee for any further proceedings deemed necessary by the court. The court may remand the case to the board for proceedings de novo, or for further proceedings on the record, or for such limited purposes as the court may prescribe. The court may retain jurisdiction by ordering a return to the court of the proceedings conducted in accordance with the order of the court, or may order final disposition. Subsection (b) further provides that "[c]orrections by the court of the board's finding will only be made upon the refusal to find a material fact which was an admitted or undisputed fact, upon the finding of a fact in language of doubtful meaning so that its real significance may not clearly appear, or upon the finding of a material fact without evidence."
"To the extent that an administrative appeal, pursuant to CT Page 579 General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Internal quotation marks omitted.)Mattatuck Museum-Mattatuck Historical Society v. Administrator,238 Conn. 273, 276, 679 A.2d 347 (1996).
 VI. DISCUSSION
The pro se plaintiff appeals on the grounds[1] in part that there was error in: 1) "reversing the Administrator's decision and sustaining the employer's appeal."; 2) "establishing that although a `well established written procedure for problem solving' existed, no formal measure was taken to ensure that the plaintiff `received, read and fully understood' the contents of an employee handbook. . . ."; 3) "not acknowledging that the plaintiff did explore/exhaust reasonable alternatives which preserved her employment with WTIC by having . . . `work lined up' within another department."; 4) "recognizing that the failure to exhaust reasonable alternatives rule does not apply since the employer was not consistent with rules within their handbook and did not uniformly enforce the procedures."; 5) "not complying with `The Claimants Guide to the Appeals Process.'"; and 6) "not complying with `promptly hearing and deciding appeals' [pursuant to General Statutes § 31-237j (a)],"[2]
The defendant argues that the appeal should be dismissed because the plaintiff failed to file a motion to correct the findings of the board, which is a prerequisite to filing an appeal in Superior Court. In addition, the defendant argues that the board's affirming of the referee's decision be upheld by this court. The defendant maintains that the plaintiff is ineligible for unemployment compensation benefits pursuant to General Statutes § 31-236 (a)(2)(A) because she voluntarily left suitable employment without good cause attributable to her former employer is reasonably drawn from the findings of fact.[3]
CT Page 580
Practice Book § 22-4 provides in part that "[i]f the appellant desires to have the finding of the board corrected he or she must, within two weeks after the record has been filed in the superior court . . . file with the board a motion for the correction of the finding and with it such portions of the evidence as he or she deems relevant and material to the corrections asked for, certified by the stenographer who took it. . . ."
The filing of a motion to correct the findings with the board is "a necessary prerequisite to a challenge of the board's decision." Calnan v. Administrator, supra, 43 Conn. App. 785. "Where . . . the plaintiff has failed to file with the board a motion to correct the findings, the Court is bound by the finding of facts determined by the board." Leftridge v. Administrator, Superior Court, judicial district of New London at Norwich, Docket No. 111502 (January 13, 1998, Purtill, J.) In the present case, the plaintiff failed to file a motion to correct the board's findings. Hence, this court is limited to the factual findings adopted by the board and its role is to determine whether the decision of the board was logically and rationally supported by the evidence, and whether the decision was unreasonable, arbitrary, illegal or an abuse of the board's discretion.
General Statutes § 31-236 (a)(2)(A) provides that "[a]n individual shall be ineligible for benefits . . . if, in the opinion of the administrator, he has left suitable work voluntarily and without good cause attributable to the employer, . . . and provided further, no individual shall be ineligible for benefits if he leaves suitable work (i) for good cause attributable to his employer, including leaving as a result of changes in conditions created by his employer . . ."
The plaintiff has the burden of proving that she "left employment for reasons which would impel the ordinary reasonable person to leave and which provide the [plaintiff] with no reasonable alternative but to terminate [her] employment."Robinson v. Unemployment Security Board of Review, 181 Conn. 1,23, 434 A.2d 293 (1980). In addition, the plaintiff must have informed her employer of her complaints and given the employer an opportunity to remedy the problem. Secombe v. Administrator, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 097996 (October 17, 1991, Nigro, J.). She must have expressed her dissatisfaction regarding the working CT Page 581 conditions to her employer and unsuccessfully sought a reasonable resolution before leaving employment. Acro Technology, Inc. v.Administrator, 25 Conn. App. 130, 135, 593 A.2d 154 (1991); see also Section 31-236-22 of the Regulations of Connecticut State Agencies, Sufficient Cause — Working Conditions.[4]
In the present case, the record indicates that the plaintiff failed to demonstrate that there were no reasonable alternatives to her leaving her employment with WTIC-TV. The record shows that the plaintiff failed to follow her employer's problem solving procedures in that she did not inform the business manager nor the general manager of any problems she was having with her supervisor, workload, schedule, or work related health problems. (ROR, Item 8.) Hence, her employer was not given the opportunity to address and rectify any problems that the plaintiff had before she resigned. A reasonable alternative to the plaintiff's resigning in this case would have been to follow the procedures outlined in the employee handbook, and bring her problems to the attention of the business manager and the general manager.
Because the plaintiff failed to explore reasonable alternatives to leaving her employment, the board properly affirmed the referee's decision disqualifying her from receiving benefits pursuant to General Statutes § 31-236 (a)(2)(A). There is no basis for finding that the board abused its discretion.
Reference should be made of the additional grounds enumerated in the plaintiff's appeal. First, whether WTIC-TV consistently followed the procedures within the handbook or whether it made efforts to ensure that the plaintiff understood the handbook is irrelevant to the board's finding that the plaintiff failed to exhaust reasonable alternatives to leaving her employment. Second, the plaintiff's contention that "The Claimants Guide to the Appeals Process" was not followed is futile in that the board found that the plaintiff failed to request a continuance of the referee's hearing to obtain a copy of the employer's fact finding statement to better prepare her case. (ROR, Item 12.) Similarly, the board found that the delay between the hearing and the referee's decision was of no relevance in the overpayment of benefits to the plaintiff. (ROR, Items 12, 15.)
 VI. CONCLUSION
Because the board's decision was logically and rationally supported by the record and was not unreasonable, arbitrary, CT Page 582 illegal, or an abuse of discretion, the plaintiff's appeal is hereby dismissed.
Klaczak, J.